537 A.2d 971

Todd Andersen, Petitioner *v.* Workmen's Compensation Appeal Board (National Forge Company), Respondents.

Argued October 5, 1987, before Judges CRAIG, DOYLE and BARRY, sitting as a panel of three.

*Bernard J. Hessley,* for petitioner.

*Harry K. Thomas,* with him, *Richard E. Bordonaro, Knox, Graham, McLaughlin, Gornall and Sennett, Inc.,* for respondent.

OPINION BY JUDGE DOYLE, February 22, 1988:

This is an appeal by Todd Andersen (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which barred Claimant's petition for modifica-

tion on the basis that a prior decision of the Board was *res judicata*.

The facts surrounding this case are unusual. Claimant was employed by National Forge (Employer) as a crane operator. On June 22, 1982, he sustained a work-related back injury and received compensation benefits for total disability. On August 16, 1982, while Claimant was still receiving total disability benefits, and solely because of economic conditions, he was reclassified from a crane operator to a general laborer pursuant to the terms of a labor agreement between Employer and Claimant's labor union. On October 10, 1983 Claimant was officially placed on lay-off status also due to economic conditions. During the entire period, Claimant never returned to work in any capacity for Employer.

Three days prior to Claimant's lay-off, October 7, 1983, Employer filed a termination petition based on a report by Claimant's treating physician who opined that Claimant could return to his previous job as a crane operator, but that he could not return to a position which entailed heavy lifting or the shoveling of heavy loads because of a risk of recurrent injury to Claimant's spine. Claimant was therefore capable of returning to his pre-injury job, which no longer existed, but he was not capable of returning to his reclassified position as a general laborer, a job which he could no longer physically perform.

The referee found that Employer met its burden and terminated Claimant's benefits as of October, 1983. On January 17, 1985, the Board in its decision modified the decision of the referee from a termination of benefits to a *suspension of benefits,* stating that Claimant suffered from an ongoing residual disability. This decision was *not* appealed.

On May 14, 1985, just 4 months after the Board's decision, Claimant filed a petition for modification with

the referee. In his petition, Claimant asserts that he is partially disabled, and that he is unable to locate employment with wages equal to, or in excess of, the wages he earned with Employer at the time of his injury. A hearing was held on this issue July 16, 1985. The referee found that Claimant's petition is barred by the doctrine of *res judicata*. The Board affirmed that decision.

Upon review of the evidence presented to this Court, we believe that Claimant is, in fact, seeking to have his suspension lifted and he should have filed a petition to reinstate his benefits. Claimant's characterization of his petition as one to modify, and the Board's treatment of it as such, was erroneous. However, as long as the evidence presented justifies relief under some section of The Pennsylvania Workmen's Compensation Act (Act),[1] relief may be granted regardless of the section under which the petition has been filed. *Dunmore School District v. Workmen's Compensation Appeal Board (Lorusso)*, 89 Pa. Commonwealth Ct. 368, 492 A.2d 773 (1985). We will therefore treat this petition as such.

We also find the Board's application of the doctrine of *res judicata* to be erroneous. For strict *res judicata* to apply to bar relitigation of an action there must be "[a]n identity of causes of action [and] in both the prior and subsequent proceedings the subject matter and the ultimate issues [must be] the same. Res judicata applies not only to matters which were actually litigated, but also to those matters which should have been litigated. . . ." *Armco Steel Corp. v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 195, 198-99, 431 A.2d 363, 365 (1981) (citation omitted). These elements do not exist in this petition. The prior petition

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1601.1.

was filed by Employer seeking a termination of benefits for total disability and what was granted was a *suspension of benefits.* The present petition involves an attempt to have Claimant's suspension lifted and benefits reinstated because Claimant's injury has subsequently resulted in a loss of earning power. Thus, the ultimate issues in both petitions are not identical and the doctrine of technical or strict *res judicata* is inapplicable.

Furthermore, the doctrine of collateral estoppel (or *res judicata* in its broad sense) is also inapplicable. Under the doctrine of collateral estoppel, determinations of particular questions of *fact* essential to a judgment, which are actually litigated and determined by a final and valid judgment, are conclusive between parties in any subsequent action on a different cause of action. *Patel v. Workmen's Compensation Appeal Board (Sauquoit Fibers Co.),* 88 Pa. Commonwealth Ct. 76, 488 A.2d 1177 (1985). This Court has stated:

> Where the second action between the same parties is upon a different claim or demand, the judgment in the prior action operates as an estoppel in the second action *only* as to those matters in issue that (1) are identical; (2) were actually litigated; (3) were essential to the judgment (or decree as the case may be); and (4) were 'material' to the adjudication.

*McCarthy v. Township of McCandless,* 7 Pa. Commonwealth Ct. 611, 619, 300 A.2d 815, 820-21 (1973) (emphasis added).

In our view, it is clear that the factual elements of this second petition are distinct from the first. In the first hearing Claimant was found to have the ability to return to his pre-injury job at his pre-injury wage, although he had an ongoing residual disability and benefits were suspended. In this second petition, the factual elements have varied. Claimant is now asserting that

his disability has manifested itself in a loss of earning power, and is seeking a reinstatement of total disability benefits, because he is presently unable to resume his job as a crane operator, a job that he could have done prior to his injury, because it no longer is available to him. Further, he cannot work as a general laborer, a job he is physically incapable of doing, and, therefore, that he cannot find a job within his limited capabilities.

A resumption of benefits is appropriate when compensation has been suspended and claimant is no longer able to earn wages equal to or in excess of his pre-injury wages. *See* Section 413 of the Act, 77 P.S. §772. When a claimant seeks to have his or her suspension lifted, that claimant is required *only* to demonstrate that the reasons for suspension no longer exist. *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983). In other words, a claimant must simply show that he or she remained disabled and *not* that he or she was *again* disabled and that such disability manifested itself in a loss of earning power. *Busche; Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985).

In the case before us, Claimant has produced sufficient evidence to show that his disability has continued and that he is unable to secure a job at the same or greater wages than he had been earning prior to his injury. It is undisputed that Claimant, pursuant to a union labor agreement, was reclassified from a crane operator to a general laborer, a job that his injury prevented him from performing. Furthermore, the position of crane operator was not available to Claimant due to economic conditions, and Claimant was unable to secure a job within his physical limitations. Therefore, since Claimant's pre-injury job has been terminated by

Employer, and since no other such job within Claimant's limited capabilities was offered or indicated to him, we must remand this case for the entry of an order reinstating his benefits for total disability.

ORDER

The order of the Workmen's Compensation Appeal Board No. A-91135, dated November 21, 1986, is reversed, and this case is remanded for the entry of an order reinstating compensation of total disability benefits.

Jurisdiction relinquished.