583 A.2d 503

**TEAMSTERS LOCAL 384, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (HILL), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Dec. 12, 1989.

Decided Nov. 30, 1990.

Martin J. Fallon, Jr., Swartz, Campbell & Detweiler, Philadelphia, for petitioner.

Jack B. Katz, Sagot & Jennings, Philadelphia, for respondent, James Hill.

Before CRAIG and SMITH, JJ., and BARBIERI, Senior Judge.

CRAIG, Judge.

Where an employee of a union has suffered an injury in the union's service, resulting in a residual disability which continues to limit his earning capacity, can the employer-union, by virtue of a membership vote excluding him from the union job, have his worker compensation benefits terminated without showing the availability of other work within his capabilities?

■ The controlling rule as to termination of benefits is that the employer must prove availability of work within the capacity of the injured employee. Judge Colins has reiterated that rule for this court as follows:

> An employer who seeks to terminate ... benefits has the burden of proving that the claimant's disability has ceased or been reduced, *that work is available to the claimant and that the claimant is capable of doing such work. Schiavo v. Workmen's Compensation Appeal Board (Frank's Beverages)*, 68 Pa.Commonwealth Ct. 479, 449 A.2d 816 (1982). (Emphasis added)

*Zimcosky v. Workmen's Compensation Appeal Board
(U.S. Steel Co.),* 118 Pa.Commonwealth Ct. 209, 212, 544
A.2d 1106, 1107 (1988).

██  Although a union certainly has the power to select
its officers and business agents by vote, that right obvious-
ly is unrelated to, and hence cannot diminish, the union's
burdens as an employer under the compensation law. This
court answers the above question by continuing to hold that
there can be no termination of compensation without a
showing of available work which the claimant can perform.

Here the employer-union, Teamsters Local 384, has ap-
pealed an order of the Workmen's Compensation Appeal
Board which refused termination of the benefits of Claim-
ant James Hill.[1]  Because the record contains no showing of
available work which the claimant can perform, this court
affirms the board's decision.

According to the undisputed findings, the claimant's pre-
vious job was as a truckdriver for Union Paving Company;
as such, he was a member of the employer-union. How-
ever, beginning in January of 1981, having been elected by
the union membership as a union vice-president, he began
fulltime work as the union's business agent. Although he
retained the right to return to work as a truckdriver for
Union Paving, and also retained his seniority status with
that company, he did not work for, or receive any pay from,
the paving company after January, 1981.

On May 24, 1983, in the course of his union work, the
claimant was seriously injured and disabled when a truck
crashed into the rear of his auto while stopped, waiting for
a traffic light. He then began receiving benefits pursuant
to a notice of compensation payable filed by the union.

In January of 1984, the claimant was not re-elected as a
union vice-president and was consequently also excluded
from his position as union business agent. The employer-

1.  Termination is governed by Section 413 of The Pennsylvania Work-
men's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77
P.S. § 772.

union then filed the petition for termination of his compensation which is at issue here.

As expressed by the referee, the claimant is "still suffering from the residuals of the work-related injury" so that he cannot perform his former work as a truckdriver but would be able to do less physically demanding work, like the professional or business activity which he had conducted as union vice-president and business agent.

Significantly, the claimant's educational background, in addition to his union business agent experience, qualifies him for professional or business work. While attending the Wharton School of the University of Pennsylvania, he took courses in industrial relations, having also had business administration training at the Mohawk Valley Technical Institute and the Philadelphia Community College. (Finding of Fact No. 1)

Therefore, this case plainly resides in that category of compensation cases where the claimant, still subject to a residual disability which prevents physically heavier work, could now perform his lighter time-of-injury work, but is barred by circumstances from resuming the specific light position which he held when injured.[2]

As to that category of cases,[3] this court has uniformly held that the employer, in order to avoid paying benefits,

2. The referee erroneously treated the claimant's time-of-injury job as that of a truckdriver, but the board, in its decision, did not adopt that analysis. Instead, the board recognized that the initial inquiry in this case was whether the claimant could perform his time-of-injury job, not any previous jobs held by the claimant before his time-of-injury job. See Latta v. Workmen's Compensation Appeal Board (Latrobe Die Casting Co.), 98 Pa.Commonwealth Ct. 56, 510 A.2d 896 (1986), appeal denied, 514 Pa. 637, 522 A.2d 1106 (1987). Regardless of any re-employment and seniority rights retained by the claimant with Union Paving, the record and the findings establish that his time-of-injury job was as a union official and business agent with the employer-union, and not as a truckdriver with Union Paving.

3. This case is not governed by Kachinski v. Workmen's Compensation Appeal Board, 516 Pa. 240, 532 A.2d 374 (1987), because that case involved a claimant found to be still partially disabled with respect to performance of his time-of-injury job as a mechanic. Accordingly, although dicta in Kachinski referred generally to an employer seeking

must sustain the classic burden of negating disability by proving the availability of work which the claimant can perform.

The leading case is *Andersen v. Workmen's Compensation Appeal Board (National Forge Co.)*, 113 Pa.Commonwealth Ct. 601, 537 A.2d 971 (1988). There, while an injured crane operator was receiving total disability benefits, he was (1) reclassified to general laborer and (2) later placed on lay-off status—both of those actions being taken because of economic conditions and in accordance with the labor agreement between the employer and his union. The employer filed for termination of benefits on the basis of the fact that the claimant, although unable to do the heavy work of a laborer, had again become able to function as a crane operator, the time-of-injury job which had become closed off to him as a result of the operation of labor agreement rules.

Judge Doyle's decision, for this court, reversed the board's approval of termination, stating:

> Therefore, since Claimant's pre-injury job has been terminated by Employer, and *since no other such job within Claimant's limited capabilities was offered or indicated to him*, we must remand this case for the entry of an order reinstating his benefits for total disability.

(113 Pa.Commonwealth Ct. at 606–607, 537 A.2d at 974). (emphasis added)

Thus, in *Andersen*, although the labor agreement empowered the employer to lay off the claimant and terminate his time-of-injury job because of economic conditions, the employer still had the burden of proving the availability of other work within the claimant's limited capabilities.

Likewise, in this case, although the union by-laws empowered the union to lay off the claimant and terminate his time-of-injury job because of the membership vote, the employer-union still has the burden of proving the availabili-

to modify benefits on the basis of recovery of some "or all" of the claimant's ability, *Kachinski* is not applicable here.

ty of other like work, within the limits of the residual disability which this claimant incurred in serving the union.

In *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.)*, 118 Pa.Commonwealth Ct. 424, 545 A.2d 465 (1988), this court applied the same principle. The claimant, working as a welder when he was injured, received disability benefits for over a year. The employer then filed a petition for termination and established that the claimant, although subject to a permanent partial disability, could again perform a welder's work. But, because the employer's plant had closed, the welding job was unavailable to the claimant.

Judge Doyle's opinion for the court stated:

The question, therefore, is whether a suspension order is proper when, although fit to perform his pre-injury job, a claimant has a residual disability *and* his pre-injury job is no longer available to him through no fault of his own.

118 Pa.Commonwealth Ct. at 428, 545 A.2d at 467 (emphasis in original).

In this case, not even the employer-union claims that the claimant's pre-injury union job became unavailable to him because of any *fault* on his part; the union brief acknowledges that "he simply failed in his effort to gain re-election to office." For failing to gain re-election, should the claimant lose the compensation entitlement assured to every worker by law? Losing or winning a union election cannot be conceivably a factor affecting a claimant's worker compensation rights.

In *Andersen*, the economic conditions which brought about the elimination of the time-of-injury job were, likewise, circumstances unrelated to anyone's fault and external to worker compensation considerations.

In *Scobbie*, Judge Doyle concluded:

In the case sub judice, there was no finding and, indeed, no evidence proffered by Employer, that Claimant was earning wages equal to or in excess of his pre-injury wage level. In other words, *there was no evidence that*

*Claimant's loss of earning from his injury had abated,*
.... We hold therefore that the burden is upon the
employer to demonstrate job availability ... and not upon
Claimant to seek that which the compensation authorities
have determined is no longer existent, i.e., his pre-injury
position. (Emphasis added)

118 Pa.Commonwealth Ct. at 429, 545 A.2d at 467 (citations
omitted). By virtue of the bar of the union's by-laws,
external to compensation law, the pre-injury position here is
similarly non-existent as far as the claimant is concerned.

And, most importantly, as in *Scobbie*, the claimant's loss
of earning power in this case has not abated.

*Zimcosky* is a case similar to *Scobbie* and this case; it
involved a worker who had a residual disability but could
have performed his time-of-injury job as a millwright if his
department had not been closed and all workers laid off. In
*Zimcosky* our holding was:

We must conclude that where a referee determines that a
claimant suffers from an indefinite residual disability that
is causally related to the compensable injury, the employ-
er bears the burden of proving work availability.

118 Pa.Commonwealth Ct. at 213, 544 A.2d at 1107.

In precisely those terms, the claimant here suffers "from
an indefinite residual disability that is causally related to
the compensable injury...." As to the claimant, the ref-
eree found that "as a result of the work-related injury ...
he is unable to perform his duties as a truckdriver...."
(Finding of Fact No. 8)

Accordingly, under the above-cited line of our residual-
disability precedents, the employer-union has not estab-
lished a basis for termination of benefits.

The union brief pursues a logical fallacy by discussing
the *Barrett v. Otis Elevator Company*, 431 Pa. 446, 246
A.2d 668 (1968) line of decisions,[4] all of which involve the

4. *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 233 A.2d 891 (1967); *Cerny v. Schrader & Seyfried, Inc.*, 463 Pa. 20, 342 A.2d 384 (1975); *Jasper v. Workmen's Compensation Appeal Board (Teledyne Columbia/Summer-*

distinctly different situation of *inability* to perform the time-of-injury job and hold that the employer must prove availability of suitable work in such cases. The union brief, without foundation, contends that the burden to prove the availability of suitable work rests upon the employer *only* in that disparate class of cases. But nothing in that line of cases restricts that burden to such an application; those holdings simply do not embrace the factual class which includes this case, as well *as Andersen, Zimcosky* and *Scobbie*, in each of which the issue involves a residual disability, coupled with the potential to perform a pre-injury job which has been taken out of reach.

Finally, the employer-union seeks to pursue an alternative contention, claiming that there would be a violation of the "reasonable compensation" standard of the worker compensation constitutional provision, Pa. Const. art. III, § 18, if the employer is required to demonstrate the availability of work which the residually-disabled claimant can perform.

Despite both lines of cases cited above, the employer-union's brief adopts a rather surprising tone in contending that the burden of proving the availability of work, within the capabilities of the injured claimant, would compel the union to become

> a mini personnel agency, charged with the duty of finding other available work, carrying executive wages, for an erstwhile truck driver. . . .

Of course, under the above-cited decisions, the employer merely has the justifiable burden of showing that loss of earning power has in fact ceased, in order to obviate the need to provide any more disability compensation. Patent-

*rill)*, 498 Pa. 263, 445 A.2d 1212 (1982); *Farquhar v. Workmen's Compensation Appeal Board (Corning Glass Works)*, 515 Pa. 315, 528 A.2d 580 (1987); *Don–Mark Realty Co. v. Milovec*, 11 Pa.Commonwealth Ct. 448, 314 A.2d 349 (1974); *American Chain & Cable Co. v. Workmen's Compensation Appeal Board*, 37 Pa.Commonwealth Ct. 574, 391 A.2d 50 (1978); *Halloran v. Workmen's Compensation Appeal Board*, 49 Pa.Commonwealth Ct. 144, 410 A.2d 420 (1980); *Smith v. Workmen's Compensation Appeal Board (Futura Industries)*, 80 Pa. Commonwealth Ct. 508, 471 A.2d 1304 (1984).

ly, that lawful and logical duty does not amount to being made to function as a "mini personnel agency."

The employer-union, on this point, further argues that the claimant received "executive level wages" working for it, but avers that, with a worker compensation insurance classification of "salesman," the premium was "quite low." From those premises, the employer-union then argues that it would be difficult to identify available employment that would pay as well as the union paid the claimant, so that there would be disparity of income to be made up—apparently by the insurance carrier for the employer.

That remarkable argument seems to indicate only that the carrier's premium was too low for the position insured. The implication is that, in the assessment of risks, there may have been a failure to recognize that, as here, a worker, even though not doing heavy work, can nevertheless be subject to substantial injuries as the innocent victim of a motor vehicle accident.

Also, this argument ignores the substantial educational qualifications which this claimant has acquired in the field of business, in addition to his similarly substantial experience in the equally important truck-driving profession.

Moreover, examination of the record with respect to the employer-union's raising of issues before the referee, and on appeal to the board, shows that this alleged constitutional issue has not been raised until the case reached this court. Hence, it need not be considered.

In conclusion, the board's decision is correct and will be affirmed. If and when the employer-union is able to show the availability of work equivalent to the time-of-injury job, with any employer in the relevant market, a petition for termination on that basis may be presented.

## ORDER

NOW, November 30, 1990, the order of the Workmen's Compensation Appeal Board, No. A–93903, dated September 7, 1988, is affirmed.