601 A.2d 473

**Judith Ann WILLIAMS, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (A.T. & T. TECHNOLOGIES, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1991.

Decided Dec. 30, 1991.

Thomas J. O'Brien, for petitioner.

William H. Fitzgerald, for respondent.

Before CRAIG, President Judge, KELLEY, Judge, and BARBIERI, Senior Judge.

BARBIERI, Senior Judge.

Claimant, Judith Ann Williams, petitions this Court to review an order by the Workmen's Compensation Appeal Board (Board), which affirmed a referee's disallowance of benefits claimed for disability under The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031. We reverse.

This case was initiated by Claimant for a work-related injury on November 14, 1986, in which she sought benefits for an elbow injury suffered on that date, while in the employ of A.T. & T. Technologies, Inc. (Employer). At the time of her injury, Claimant was classified as an "operator" and suffered an injury to her right elbow while unloading computer chips from ovens and racks. She promptly reported the injury, received medical treatment at the plant dispensary, and returned to work at a different occupation under restrictions imposed by the plant physician. The specific restrictions imposed by the physician were that she would do no pushing, pulling, or lifting over 5 pounds. Under these restrictions, she could still perform some of her duties as an operator; she could not perform her unloading duties. For this reason, she was reassigned to other activities, but received her regular rate of pay.

There is no dispute in this case that Claimant's disabilities after the injury, in light of the imposed restrictions, continued, until she suffered a lay-off, which was based on Claimant's seniority and economic reasons. Claimant was later re-employed as of June 20, 1988, resuming and performing her duties as an operator at wages greater than her pre-injury average weekly wage. During the lay-off period, she continued under the care of her orthopedic surgeon, Dr. Cleto G. Cinelli, M.D., who, after a period of conservative efforts resorted to surgery to cure her elbow condition, which was diagnosed as epicondylitis. While the elbow condition was her principal cause of complaints, her

injury also included the right elbow and sprain of the left shoulder. R.R. 38a.

On or about September 10, 1987, Dr. Cinelli performed surgery on Claimant, known as Epicondylectomy. The surgery relieved Claimant's complaints and she was able to return to work. R.R. 45a–46a.

Though liability was unquestionable, Employer failed to execute a compensation agreement, excusing its liability on the basis that it continued to keep the injured and disabled employee on full pay by reassigning her to different jobs with duties within the medical restrictions.

We disagree with this view of Employer, since allowing such evasion of workmen's compensation responsibility is contrary to the principles laid down by this Court and by the Supreme Court, particularly in suspension cases. *See Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983), and the recent decision by the Supreme Court adopting at length the doctrine laid down in *Busche. Pieper v. Ametek–Thermox Instruments Division*, 526 Pa. 25, 584 A.2d 301 (1990). Furthermore, the decision of the referee and Board in this case appears to totally disregard the decision of our Supreme Court in *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), *affirming*, 91 Pa. Commonwealth Ct. 543, 498 A.2d 36 (1985).

The principle delineated in these decisions is as follows: An injured employee who suffers work-related disability, total or partial, but is able to do selective partial disability work within medical restrictions must be paid compensation, unless the employer provides a referral to work the employee can do within the medical restrictions imposed. Liability, which requires the execution of an agreement, has to do with disability suffered, but compensation need not be paid if the employer provides a job or refers the injured employee to a job, with pre-injury pay, which the employee can perform within the medical restrictions fixed by medical

authorities in her case. This was accomplished here by Employer in providing equal pay in the reassignments of the Claimant, so that during all the periods of employment following her elbow injury, prior to the lay-off on January 30, 1987, Employer, at the very least, was required to execute a supplemental agreement fixing a suspension in light of the admitted liability and disability incurred by Claimant. Employer failed to do so, but instead, refused to honor its obligations under the workmen's compensation laws on the basis that the lay-off was for economic reasons and because of Claimant's seniority.

Of course, it was not error for Employer to fail to pay benefits which otherwise might be due during periods when it managed to re-employ Claimant at wages equal to her pre-injury wages, but alleged economic reasons and seniority may not represent excuses for non-payment of benefits due the Claimant. *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.)* 118 Pa. Commonwealth Ct. 424, 545 A.2d 465 (1988); *Zimcosky v. Workmen's Compensation Appeal Board (United States Steel Corporation)*, 118 Pa. Commonwealth Ct. 209, 544 A.2d 1106 (1988). The state of the employment market does not release an employer from the obligation to commence payments where there is a suspension, as there should have been here, and the claimant suffers a loss in earnings. *Pieper; Busche.* Indeed, Claimant here sought lighter work which she was capable of performing during the lay-off, but without success.

Unquestionably, Claimant suffered no loss of compensation for admitted disability until her post-injury earnings were brought to a conclusion when she was laid off by the Employer at a time when she was earning wages equal to her pre-injury wages, but was unable to perform all of her pre-injury duties. The fact that Claimant can perform some, now unavailable, pre-injury duties does not free Employer from the obligation to find her a referral position. It is the Employer's responsibility under such circumstances to show the availability of other work within Claimant's

capacities. *Teamsters Local 384 v. Workmen's Compensation Appeal Board (Hill)*, 136 Pa. Commonwealth Ct. 426, 583 A.2d 503 (1990).

We hold that the Employer is not free to disregard the Supreme Court rulings in *Kachinski* by the simple expedient of shifting Claimant, an injured worker, to a job within her post-injury capabilities but for which she has less seniority on subsequent lay-off. Such treatment failed to meet Employer's responsibility to enter into an agreement to pay benefits when due, although suspended. Such an employer may not then offer as a defense to its failure to comply with the workmen's compensation laws that this failure permits it to deny its responsibility to pay during periods of Claimant's unemployment while disabled.

As we stated in *Teamsters Local 384*, quoting from *Andersen v. Workmen's Compensation Appeal Board (National Forge Company)*, 113 Pa. Commonwealth Ct. 601, 606–607, 537 A.2d 971, 974 (1988):

> Judge Doyle's decision, for this court, reversed the board's approval of termination, stating:
>
>> Therefore, since Claimant's pre-injury job has been terminated by Employer, and *since no other such job within Claimant's limited capabilities was offered or indicated to him,* we must remand this case for the entry of an order reinstating his benefits for total disability.[1]
>
> (113 Pa. Commonwealth Ct. at 606–607, 537 A.2d at 974) (emphasis added)

*Teamsters Local 384*, 136 Pa. Commonwealth Ct. at 430, 583 A.2d at 505.

Accordingly, for the reasons stated, we must reverse the order of the Workmen's Compensation Appeal Board and remand this case to the compensation authorities for the

1. We further stated in *Teamsters Local 384*, referring to *Andersen:* "although the labor agreement empowered the employer to lay off the claimant and terminate his time-of-injury job because of economic conditions, the employer still had the burden of proving the availability of other work within the claimant's limited capabilities." *Id.*, 136 Pa.Commonwealth Ct. at 430, 583 A.2d at 505.

entry of an order for benefits to be paid to Claimant during the period of her unemployment by this Employer.

## ORDER

AND NOW, this 30th day of December, 1991, the order of the Workmen's Compensation Appeal Board as of No. A89–1558, dated November 16, 1990, is hereby reversed and the case is remanded for the payment of benefits to the Claimant pursuant to the foregoing opinion.