**Michael LEMANSKY, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (HAGAN ICE CREAM COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Argued June 14, 1999.

Decided Aug. 12, 1999.

Reargument Denied Oct. 19, 1999.

Lawrence R. Chaban, Washington, for petitioner.

Daniel J. Iler, Washington, for respondent.

Before McGINLEY, J., SMITH, J., and NARICK, Senior Judge.

NARICK, Senior Judge.

Michael Lemansky (Claimant) appeals from an order of the Workers' Compensation Appeal Board (Board) affirming the Workers' Compensation Judge's (WCJ) order granting a suspension of Claimant's wage benefits and denying his request for attorney's fees. The sole issue presented for our review is whether the WCJ and the Board erred as a matter of law in determining that Claimant was not entitled to reimbursement of reasonable attorney's fees pursuant to § 440 of the Workers' Compensation Act (Act).[1] Because we find that Hagan Ice Cream Company (Employer) engaged in an unreasonable contest, we reverse the Board's order in so far as it denied reimbursement of Claimant's reasonable attorney's fees.

The relevant facts of this case are as follows. Claimant suffered two separate injuries while working for Employer. On September 13, 1995, Claimant sustained an injury to his hand in the course of his employment, which resulted in development of carpal tunnel syndrome. Claimant continued to work for Employer pending his carpal tunnel surgery scheduled for December 29, 1995. While awaiting his surgery Claimant sustained a second work-related injury to his neck and low back on October 3, 1995. Claimant continued to work following both injuries until he underwent surgery on December 29, 1995 to correct his carpal tunnel syndrome. Employer's insurance carrier, State Workmen's Insurance Fund (SWIF) paid all of Claimant's medical bills associated with the carpal tunnel injury. SWIF also began paying Claimant total disability benefits beginning December 29, 1995 for lost wages resulting from the carpal tunnel injury. Claimant never returned to work for Employer following his carpal tunnel surgery.

On February 28, 1996, Claimant underwent surgery on his neck for his second injury. Through its insurance carrier SWIF, Employer voluntarily agreed to pay all medical bills associated with Claimant's neck injury but declined to issue any documentation acknowledging the compensability of his neck injury. SWIF informed Claimant that since he did not suffer any loss of earnings as a result of his neck injury, this second injury was considered a "medical only" claim for which its internal operating policy specified that no agreements accepting liability were to be issued. Claimant did not incur a loss of earnings from the neck injury because he was already receiving full wage benefits beginning December 29, 1995 for his carpal tunnel injury. Claimant subsequently filed a claim petition requesting a suspension of disability benefits relating to his neck injury commencing February 28, 1996, the date his neck surgery. Employer filed a timely answer denying all of Claimant's allegations contained in the claim petition. Claimant also sought attorney's fees alleging unreasonable contest by Employer.

The WCJ conducted a hearing on May 9, 1997 at which Claimant presented the testimony of Patty Regan (Regan), a claims investigator for SWIF. Regan was the only witness to testify in this matter. Regan testified regarding SWIF's internal procedures for handling claimants with two open workers' compensation claims. SWIF's policy states that all medical bills are to be paid for both claims but that compensation agreements will not be issued against a second claim once a claimant begins receiving total disability benefits resulting from the first claim. (N.T., Regan, May 9, 1997, R.R. at 14a). Regan stated that SWIF received notice of Claimant's October 3, 1995 neck injury shortly after it occurred. (N.T., Regan, R.R. at 12a). Regan further testified that she received instruction from her supervisor that SWIF would not issue a compensation agreement or notice of compensation payable for Claimant's "medical only" neck injury because he was already receiving full wage benefits resulting from his carpal tunnel

---

1. Section 440 of the Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 996.

claim. (N.T., Regan, R.R. at 13a–14a). The WCJ credited Regan's testimony and found that Claimant's neck injury was compensable and suspended benefits effective February 28, 1996. (WCJ Decision, September 5, 1997, Finding of Fact No. 3, Conclusion of Law No. 2). The WCJ concluded that Employer's contest of the claim petition was reasonable and denied reimbursement of attorney's fees. (Finding of Fact No. 6, Conclusion of Law No. 3). The Board affirmed by order dated January 8, 1999. Claimant now brings the instant appeal.[2]

▉▉▉ We begin by noting that § 440 of the Act governs reimbursement of reasonable attorney's fees and provides in pertinent part as follows:

> In any contested case where the insurer has contested liability in whole or in part, the employe … in whose favor the matter at issue has been finally determined shall be awarded, in addition to the award for compensation, a reasonable sum for costs incurred for attorney's fee, … Provided, That cost for attorney fees may be excluded when a reasonable basis for the contest has been established. …

77 P.S. § 996. It is well settled that in contested workers' compensation cases, an award of attorney's fees to the claimant is the rule and their exclusion is the exception, to be applied only in those cases where the record establishes that an employer's or insurance carrier's contest is reasonable. *Cunningham v. Workmen's Compensation Appeal Board (Franklin*

*Steel Company)*, 159 Pa.Cmwlth. 622, 634 A.2d 267 (1993) citing *Transamerican Office Furniture v. Workmen's Compensation Appeal Board (Setegna Fanta)*, 149 Pa.Cmwlth. 95, 612 A.2d 598 (1992). The burden is on the employer to present sufficient evidence establishing the reasonable basis for a contest. *Cunningham*, 634 A.2d at 269. Whether an employer presents a reasonable basis for its contest is a question of law fully reviewable by this Court. *Id.* A reasonable contest is established where the evidence is conflicting or subject to contrary inferences. *Penczkowski v. Workmen's Compensation Appeal Board (Foster Wheeler Energy Corp. & The Hartford)*, 97 Pa.Cmwlth. 419, 509 A.2d 964 (1986).

On appeal, Claimant argues that Employer engaged in an unreasonable contest when it failed to acknowledge the compensability of his neck injury and forced him to litigate the issue in order to preserve his right to compensation benefits within the three-year statute of repose specified in § 315 of the Act.[3] Employer argues that SWIF's policy not to issue compensation agreements in a "medical only" case is justified under the Act where there is no loss of earnings, and thus, there is nothing to compensate and nothing to suspend. Claimant argues that he did not seek additional compensation, only a suspension of his right to future compensation should his original carpal tunnel injury resolve. Claimant asserts entitlement to attorney fee reimbursement since the WCJ and the Board erroneously held

**2.** Our scope of review in a workers' compensation appeal is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether necessary findings of fact are supported by substantial competent evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

**3.** Section 315 provides in pertinent part:
In cases of personal injury all claims for compensation shall be forever barred, unless, within three years after the injury, the parties shall have agreed upon the compen-

sation payable under [Article III]; or unless within three years after the injury, one of the parties shall have filed a petition as provided in article four hereof.
77 P.S. § 602. Regarding this provision, the Pennsylvania Supreme Court stated that "section 315 is a statute of repose, which completely extinguishes a substantive right where the claimant has failed to file an action to enforce that right within the prescribed period." *Berwick Industries v. Workmen's Compensation Appeal Board (Spaid)*, 537 Pa. 326, 332, 643 A.2d 1066, 1068 (1994).

that Employer carried its burden of proving a reasonable contest. We agree.

Employer's argument ignores § 406.1 of the Act,[4] which provides that an employer shall promptly investigate each injury reported or known to the employer, and shall commence payment of compensation due no later than the twenty-first day after the employer has notice or knowledge of the employee's disability. If an employer believes that the claim is not compensable, it must issue a notice of denial within twenty-one days. *Cunningham,* 634 A.2d at 270. Having received tacit acknowledgement in the form of medical payments that his neck injury was work-related, Claimant requested that Employer formally acknowledge the injury through issuance of appropriate workers' compensation documents. While Employer never debated that Claimant's neck injury was work-related, it declined Claimant's request relying on SWIF's policy not to issue such documents in "medical only" cases so as to avoid maintaining two open claims. To protect his right to future benefits, Claimant initiated the prudent action of filing a claim petition to obtain a suspension of his disability benefits. Employer responded with a denial and demand of strict proof of all allegations contained in the claim petition.[5] Employer's action necessitated that Claimant incur additional attorney's fees resulting from prosecution of his claim petition. The WCJ's findings of fact indicate that Employer paid all medical bills derived from Claimant's neck injury, then denied all of his claim petition allegations, only to admit through testimony that it knew Claimant's neck injury was work-related. (Findings of Fact Nos. 3c,

3d). Employer's argument in the proceedings below and again before this Court is that nothing in the Act requires that it issue any documentation where the employee does not incur a loss of earnings. Our reading of the Act indicates that indeed Employer does have an affirmative obligation to accept or deny the injury as work-related within twenty-one days of notice. 77 P.S. § 717.1. Once an employer elects to take no action and require the claimant to litigate the issue of compensability, it must then pay Claimant's attorney's fees unless it can prove that its contest was reasonable. *Transamerican Office Furniture,* 612 A.2d at 601.

We find the instant case analogous to our decision in *Williams v. Workmen's Compensation Appeal Board (A.T. & T. Technologies, Inc.),* 144 Pa.Cmwlth. 297, 601 A.2d 473 (1991). In *Williams,* the claimant, Judith Ann Williams (Williams) sustained an elbow injury while in the employ of A.T. & T. Technologies, Inc. (A.T. & T.). Rather than issue a compensation agreement or denial of liability within the statutory period specified by § 406.1 of the Act, A.T. & T. elected to reassign Williams to a light-duty position within her medical restrictions at full pay. After A.T. & T. laid off Williams for alleged economic reasons, she filed a claim petition to obtain disability benefits in accordance with her injury. A.T. & T. contested the petition arguing that it should not be liable for disability compensation since it continued to employ Williams within her medical restrictions without a loss of earnings. In rejecting A.T. & T.'s argument, we stated that prior to the lay-off, A.T. & T., at the very least, was obligated to execute a sup-

4. Section 406.1, added by Act of February 8, 1972, P.L. 25, 77 P.S. § 717.1. In citing the Historical and Statutory Notes following § 406.1, this Court observed that the purpose of this section is to avoid situations in which employers or their insurance carriers withhold compensation for unexplained reasons and to assure full payment of compensation when due. *Transamerican Office Furniture v. Workmen's Compensation Appeal Board (Seteg-*

*na Fanta),* 149 Pa.Cmwlth. 95, 612 A.2d 598, 600 (1992).

5. In addition to denying knowledge of Claimant's neck and back injury, Employer's answer also denied knowledge of such innocuous assertions as Claimant's employment status with Employer and the title of his job. (Claim petition and Employer's Answer, R.R. at 2a–4a).

plemental agreement fixing a suspension in light of the admitted liability and disability incurred by Williams. *Williams,* 601 A.2d at 475. We further concluded that allowing such evasion of worker's compensation responsibility is contrary to established precedent, particularly in suspension cases. *Id.* at 474. *See Pieper v. Ametek–Thermox Instruments Division,* 526 Pa. 25, 584 A.2d 301 (1990) (setting forth a review of the case law and relevant provisions of the Act governing suspension of workers' compensation benefits).

 We conclude that the *Williams* analysis controls the instant case. The employer in *Williams* and Employer in this case attempted to evade entering into an agreement recognizing the injury as required by § 406.1 of the Act on the basis that the claimant did not suffer a loss of earnings. 77 P.S. § 717.1. The only difference in these cases is the reason why the claimant did not suffer a loss of earnings, which is not determinative. In *Williams,* the claimant was reassigned to a light-duty position with no loss of income, and here, Claimant did not suffer a loss of earnings because he was already receiving full disability benefits for a previous injury. The record evidence unequivocally confirms that Claimant sustained a work-related injury and is entitled to a suspension of benefits. Regarding Employer's burden of proving a reasonable contest, we hold as a matter of law that an insurance carrier's internal claims management policy does not constitute a reasonable basis to contest a Claimant's right to a suspension of benefits where there is no dispute as to the compensability of the work-related injury.

Accordingly, the WCJ and the Board erred in determining that Employer carried its burden of proving a reasonable basis for its contest of Claimant's claim petition. We hereby reverse the Board's order in so far as it denied reimbursement of Claimant's reasonable attorney's fees and remand with direction that the Board remand to the WCJ for calculation of reasonable attorney's fees.

### *ORDER*

AND NOW, this 12th day of August, 1999, the order of the Workers' Compensation Appeal Board dated January 8, 1999, is hereby reversed in so far as it denied reimbursement of Claimant's reasonable attorney's fees. Furthermore, we remand the above captioned matter to the Workers' Compensation Appeal Board with direction to remand to the Workers' Compensation Judge for calculation of reasonable attorney's fees due Claimant.

Jurisdiction Relinquished.