**Richard RYNDYCZ, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WHITE ENGINEERING), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 8, 2007.

Decided Oct. 18, 2007.

Reconsideration and Reargument Denied En Banc Dec. 14, 2007.

J. Michael Ruttle, Newtown, for petitioner.

Charles S. Katz, Jr., West Chester, for respondent.

BEFORE: SMITH–RIBNER, PELLEGRINI and LEAVITT, JJ.

OPINION BY Judge SMITH–RIBNER.[1]

Richard Ryndycz (Petitioner) petitions for review of a decision by the Workers' Compensation Appeal Board (Board) that affirmed the December 7, 2005 decision of Workers' Compensation Judge (WCJ) Francis J. Desimone following a remand. The WCJ again affirmed a utilization review determination finding that chiroprac-

tic treatment rendered to Petitioner by Darryl K. Warner, D.C. was reasonable and necessary for forty-four treatments between July 31, 2002 and December 2, 2002 but was not reasonable and necessary for treatments after that. Petitioner questions whether utilization review of medical expenses awarded by WCJ Joseph E. McManus in June 2003 is barred by res judicata and should be subject to collateral estoppel; whether the scope of utilization review is limited to medical services provided within thirty days of a request for review and thereafter; and whether the utilization reviewer, the WCJ and the Board considered the reasonableness and necessity of the palliative care rendered to Petitioner.

## I

Petitioner suffered a lower back injury on June 18, 2001 in the course of his employment with White Engineering (Employer). Employer did not file a notice of compensation payable (NCP), temporary notice of compensation payable (TNCP) or notice of compensation denial (NCD), but it did refer Petitioner to a panel physician, Barry J. Burton, D.O. It paid Petitioner's medical expenses and transferred him to light duty. Petitioner received chiropractic services for pain from Peter J. Szakacs, D.C. On October 10, 2001, Dr. Burton released Petitioner to full, unrestricted job duties, although Dr. Szakacs permitted only light-duty work. Employer laid off Petitioner on October 26, 2001. In November 2001 he filed a claim petition and in May 2002 filed a penalty petition alleging Employer's failure to file an NCP, TNCP or NCD. They were heard by WCJ McManus.

In a decision of June 19, 2003, WCJ McManus accepted the testimony of Peti-

1. This case was reassigned to the opinion writer on July 26, 2007.

tioner and Dr. Szakacs in its entirety, rejected the testimony of Dr. Burton and Employer's other witness and granted Petitioner's claim and penalty petitions. He determined that chiropractic services, including Dr. Szakacs' services and those of Dr. Warner amounting to $7747, were provided for treatment of the work injury and that Employer was liable for payment under provisions of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626. Also, Employer violated the Act by failing to make available work within Petitioner's restrictions, by failing to issue a timely NCD or to enter into a timely agreement and by unreasonably and unnecessarily delaying payment of compensation benefits. Citing *Williams v. Workmen's Compensation Appeal Board (A.T. & T. Techs., Inc.),* 144 Pa.Cmwlth. 297, 601 A.2d 473 (Pa.Cmwlth.1991), the WCJ found that Employer should have entered into a supplemental agreement and suspension and that the underlying action was a termination case and not an original claim petition. In *Williams* the Court held that the employer who retained an employee at full pay and modified her duties after the work injury should have executed a compensation agreement and that when she was laid off for economic and seniority reasons Employer should have entered into a supplemental agreement.

WCJ McManus ordered Employer to pay weekly compensation of $322 beginning October 26, 2001 and onward. In addition, Employer was directed to pay: statutory interest of ten percent on all deferred and unpaid compensation; quantum meruit attorney's fees of $7860 not to be deducted from compensation; $2361.80 in reasonable and necessary litigation costs; attorney's fees of twenty percent after exhaustion of the quantum meruit fee; for chiropractic services for treatment of the injury consistent with the findings and conclusions and provisions of the Act; and a penalty of fifty percent plus statutory interest on all deferred and unpaid compensation.

Employer appealed to the Board, which affirmed. It determined that WCJ McManus acted within his authority to accept the testimony of Petitioner's witnesses over that of Employer's witnesses. In view of Employer's failure to file a proper document regarding the injury and the WCJ's finding of unreasonable and excessive delay in payment, the Board concluded that Employer had no basis for any contest of Petitioner's claim until it obtained a deposition from Dr. Burton.[2] The Court affirmed on review. *White Eng'g v. Workers' Compensation Appeal Board*

---

**2.** The Board denied supersedeas but directed Employer to defer paying the unreasonable contest fees pending final decision. Employer's insurer made some payments but then suspended for six months because of Petitioner's failure to file Form LIBC–760, under Section 311.1 of the Act, added by Section 6 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 631.1. Petitioner filed reinstatement and penalty petitions on September 26, 2003. WCJ Desimone issued a decision on December 19, 2003 determining that: Employer was required to pay awarded benefits within thirty days after the July 28, 2003 deemed denial of the supersedeas; the delay in paying warrant-

ed penalties under Section 435(d)(i) of the Act, 77 P.S. § 996(d)(i), but did not constitute unreasonable and excessive delay; Employer was not entitled to delay payment because of the failure to submit Form LIBC–760; Petitioner was entitled to reinstatement with statutory interest; Employer was liable for a ten percent penalty; there was no reasonable basis for the contest and counsel was entitled to a quantum meruit fee, with certain reductions; and it could retain penalty and counsel fee amounts as the denial of supersedeas was before August 26, 2003. Employer sought review of that decision as well, and the Court consolidated the petitions for review.

*(Ryndycz)* (Pa Cmwlth., Nos. 862 and 2133 C.D. 2004, filed June 20, 2005). It cited *Johnstown Housing Authority v. Workers' Compensation Appeal Board (Lewis)*, 865 A.2d 999 (Pa.Cmwlth.2005), where a contest was held unreasonable when the employer had no medical basis to deny the allegations of the claim petition and had paid the claimant's medical expenses and modified his work duties. The Court held that the record supported the conclusion that Employer violated the Act by its delay in paying the awarded benefits.

On July 16, 2003, within thirty days of WCJ McManus' decision, Employer requested utilization review of the treatment provided by Dr. Warner instead of paying his charges. Mark Cavallo, D.C., determined in a report that the treatment was reasonable and necessary for forty-four visits from July 31, 2002 through December 2, 2002 but not for the seventy visits after that through September 17, 2003. Petitioner testified before WCJ Desimone that he has been treated about twice a week since his first treatment on July 31, 2002. He stated that he continues to have difficulty dressing and cannot bend; that his treatment is limited to manipulation and electrotherapy and relieves pain and stiffness; and that his pain worsens if he does not get treatment. Dr. Warner opined that Petitioner has lumbar spine instability involving quite a bit of arthritic damage and degenerative damage to four disc spaces and an unlevel pelvis, with facet damage producing constant pain. The treatment reduces his pain but has not resulted in overall improvement. Dr. Warner made no referrals to any other health care provider; he is not recommending home exercise as it would exacerbate Petitioner's condition; and he ordered no tests other than x-rays. Petitioner's treatment should continue indefinitely, and he cannot perform even sedentary work.

Dr. Cavallo stated that he reviewed office notes for 114 visits. He opined that chiropractic treatments through December 2, 2002 were reasonable and necessary, but the records did not show clinical gains after that. He tried three times to contact Dr. Warner by telephone, but he did not return the calls. Michael–Gerard Moncman, D.O., a certified neurosurgeon, reported that he was unable to complete an examination on March 9, 2004 because Petitioner could not or would not sit or lie on an examination table. WCJ Desimone found that Dr. Warner's treatment was not providing any benefit to Petitioner as determined by Dr. Cavallo, and the WCJ said that Dr. Warner's testimony was not credible because he did not consider and address the ineffectiveness of his treatment.

The Board noted on Petitioner's appeal that WCJ Desimone's decision listed WCJ McManus' decision as an exhibit but did not reconcile the differences with that decision. The Board vacated and remanded for WCJ Desimone to address WCJ McManus' June 2003 decision and order and what effect, if any, it had on the present litigation. The parties submitted briefs, and WCJ Desimone admitted an affidavit by Dr. Warner of September 13, 2005, detailing charges from July 31, 2002 through March 14, 2005. The WCJ overruled the objection of Employer and admitted the exhibit in a letter to counsel of September 30, 2005. The WCJ issued a second decision on December 7, 2005 in which he stated in Finding of Fact No. 4 that WCJ McManus found that services were provided by Dr. Warner for which his charges were $7747 and that Employer was liable for payment consistent with provisions of the Act. He pointed out that WCJ McManus did not refer to dates of service by Dr. Warner and that although WCJ McManus made a finding as to the

total bill he did not order payment of any specific amount.

WCJ Desimone incorporated his former findings and then concluded that Employer could file its utilization review request within thirty days of WCJ McManus' decision. Despite WCJ McManus' binding determination that the underlying action was a termination case, WCJ Desimone nevertheless concluded to the contrary that Employer's utilization review request was filed in the context of Petitioner's claim petition, thereby allowing Employer to file its request within thirty days of June 19, 2003 retroactive to all treatments. WCJ Desimone again affirmed the utilization review. On Petitioner's second appeal the Board simply stated that it was satisfied with the WCJ's discussion on this point, and it affirmed.[3]

## II

Petitioner first argues that utilization review of WCJ McManus' award of medical bills is barred by the principles of res judicata and collateral estoppel. When medical bills are the subject of a valid order for payment, they must be paid within thirty days under Section 428 of the Act, added by Section 6 of the Act of June 26, 1919, P.L. 642, 77 P.S. §§ 921 and 951, and under the doctrine of collateral estoppel. Petitioner quotes from *Shaffer v. Workmen's Compensation Appeal Board (Avon Prods., Inc.)*, 692 A.2d 1163 (Pa. Cmwlth.1997), where the Court held that medical bills subject to a valid and unappealed order to pay were not subject to the

provision later adopted by the Act of July 2, 1993, P.L. 190 (Act 44) in Section 306(f.1)(2) of the Act, 77 P.S. § 531(2), requiring provider reports as a predicate to an employer's obligation to pay.

Petitioner also argues that utilization review should have been limited to medical care provided after June 17, 2003, that is, retrospective only thirty days from the date of filing the request. He quotes *Warminster Fiberglass v. Workers' Compensation Appeal Board (Jorge)*, 708 A.2d 517 (Pa.Cmwlth.1998), which stated that under Act 44 medical bills may be challenged only through a timely utilization review request, and the WCJ and the Board have no jurisdiction until that is decided. That case also quoted 34 Pa.Code § 127.404(b), which provides that if an employer seeks retrospective review, the request must be filed within thirty days of the receipt of the bill or the request is waived, but "[i]f the insurer is contesting liability for the underlying claim, the 30 days in which to request retrospective UR is tolled pending an acceptance or determination of liability." Further, this provision "does not apply to termination petitions because the terms 'acceptance' and 'determination', when taken together, apply only to claim petitions." *Warminster Fiberglass*, 708 A.2d at 521 n8. Petitioner contends as well that the utilization review did not consider the palliative nature of the care, although such care easing pain and symptoms has been found to be reasonable and necessary pursuant to *Trafalgar House v. Workers' Compensation Appeal Board (Green)*, 784 A.2d 232 (Pa.Cmwlth.2001).[4]

---

3. The Court's review is to determine whether there was a constitutional violation or an error of law, whether any practice or procedure of the Board was not followed and whether the necessary findings of fact are supported by substantial evidence. *Marks v. Workers' Compensation Appeal Board (Dana Corp.)*, 898 A.2d 689 (Pa.Cmwlth.2006).

4. In *Trafalgar House* the Court discussed *Cruz v. Workers' Compensation Appeal Board (Philadelphia Club)*, 728 A.2d 413 (Pa.Cmwlth. 1999), *Central Highway Oil Co. v. Workers' Compensation Appeal Board (Mahmod)*, 729 A.2d 106 (Pa.Cmwlth.1999), and *Glick v. Workers' Compensation Appeal Board (Concord Beverage Co.)*, 750 A.2d 919 (Pa.Cmwlth.

He notes in his reply brief that Employer concedes that the underlying action was in fact a termination case.

Employer first argues that WCJ Desimone concluded on remand that WCJ McManus' decision has no impact on the utilization review. Although WCJ McManus decided the work-relatedness of the chiropractic treatments and noted $7747 as the charge by Dr. Warner, he could not decide the reasonableness and necessity of treatments because a WCJ has such jurisdiction only in a petition to review a utilization review determination. *Chik–Fil–A v. Workers' Compensation Appeal Board (Mollick)*, 792 A.2d 678 (Pa.Cmwlth.2002). Moreover, WCJ McManus did not award $7747 for Dr. Warner's charges.[5] Employer claims that substantial evidence exists to support the WCJ's determination as to reasonableness and necessity, and it acknowledges the *Trafalgar House* holding as to palliative care but states that a utilization reviewer's opinion that treatment is not beneficial is sufficient to support a finding that the treatment is unreasonable and unnecessary. WCJ Desimone noted that the treatment was not accomplishing stated objectives.

The Court first addresses Petitioner's contention that WCJ McManus ordered payment of Dr. Warner's $7747 in charges for his services. The WCJ found that services were in treatment of the work injury and ordered payment "consistent with the provisions of the Act." This did not preclude Employer from asserting any challenge to reasonableness and necessity that it could file in a timely manner pursuant to the provisions of the Act. As to the timeliness of Employer's utilization review request, WCJ McManus held that the underlying proceeding was in the nature of a termination proceeding, not a claim petition. Employer did not dispute that Petitioner was injured at work on June 18, 2001, but it nevertheless failed to file an NCP, TNCP or NCD, and it denied all allegations of the claim petition although it had no medical basis to do so. Employer's initial liability was never seriously contested, and but for Employer's violation of the Act it would have been in a payment status under an NCP or an agreement and would have been required to challenge any medical bill within thirty days all along.

■ As held in *Warminster Fiberglass*, the tolling of the thirty-day period for challenging medical bills does not apply to termination cases. Inasmuch as WCJ Desimone was bound by WCJ McManus' ruling that the underlying action was a termination case, WCJ Desimone erred in his December 2005 decision by allowing Employer to challenge all of the bills submitted by Dr. Warner. The WCJ should have permitted challenges only to the bills submitted after June 17, 2003, that is, no more than thirty days before the filing of the

2000), and stated: "The standard, or guideline, enunciated in the above cases is that medical treatment may be reasonable and necessary even if the treatment does not cure the underlying injury, so long as it acts to relieve pain and treats the symptomatology, i.e., if it is palliative in nature." *Trafalgar House*, 784 A.2d at 235.

5. Employer asserts that Dr. Warner's bills were not submitted on required forms, so the thirty-day period for payment of his invoices under Section 306(f.1)(5), 77 P.S. § 531(5), never began to run. In his reply brief Petitioner points out that WCJ Desimone did not rely on this reasoning, and it cites *Westinghouse Elec. Corp. v. Workers' Compensation Appeal Board (Weaver)*, 823 A.2d 209 (Pa. Cmwlth.2003), where it was held that when an order finding medical expenses reasonable and necessary was not appealed, they could not later be challenged for being on improper forms. As indicated at the hearing before WCJ Desimone on March 1, 2004, Employer paid the bills for the forty-four treatments found reasonable and necessary.

utilization review request, under 34 Pa. Code § 127.404(b). The charges totaling $7747 were for services rendered through March 10, 2003, as indicated by Dr. Warner's Affidavit, Employee Ex. 8. Because those charges are for services rendered well before June 17, 2003, they became final and are not now subject to utilization review. The same applies to charges between March 10, 2003 and June 17, 2003. The Court shall remand for entry of an order calculating the amount of such charges and directing payment.

■ Last, the Court addresses the issue of palliative care. WCJ Desimone incorporated the findings from his first decision, which stated that the chiropractic treatment by Dr. Warner did not provide any benefit or accomplish the objectives he stated of reducing pain and restoring functions. Petitioner and Dr. Warner both testified, however, that the treatment did reduce pain. Petitioner and Dr. Warner both stated that it reduced severe stiffness and improved his ability to function. Dr. Warner acknowledged that this treatment would not result in improvement apart from pain relief, but, contrary to the WCJ's implication, he did not state an objective of permanently reducing pain and restoring functions.

Dr. Cavallo's report quoted an article (Dr. Warner testified that it was actually an editorial) stating generally that almost all treatments for patients with acute pain are inappropriate for patients with chronic pain. Dr. Cavallo opined that four to six months office treatment is the correct protocol for the diagnoses provided, but he did not address any palliative value of the treatments beyond that. The point of Petitioner's evidence was to show the palliative effect of the treatment provided by Dr. Warner, which may be deemed reasonable and necessary, *Trafalgar House,* but WCJ Desimone did not address the evi-

dence of the palliative effect. Accordingly, the Court concludes that a remand is required on this issue for the WCJ to consider evidence of the palliative effect of the treatments rendered after June 17, 2003 and to weigh that evidence in determining whether to affirm the utilization review.

### ORDER

AND NOW, this 18th day of October, 2007, the Court reverses the order of the Workers' Compensation Appeal Board to the extent that it affirmed the decision of Workers' Compensation Judge Desimone allowing White Engineering to challenge the award for $7747 in medical expenses of Dr. Darryl K. Warner. The Court otherwise vacates the Board's order and remands this matter for a determination of the total of the bills submitted by Dr. Warner between March 10, 2003 and June 17, 2003, which are not subject to challenge, and for further proceedings for the Workers' Compensation Judge to consider evidence presented of the palliative effect of medical care provided by Dr. Warner.

Jurisdiction is relinquished.

DISSENTING OPINION BY Judge LEAVITT.

Respectfully, I dissent. Dr. Cavallo's peer review of Claimant's course of chiropractic treatment found this treatment to be neither reasonable nor necessary. Indeed, Dr. Cavallo opined that continued application of this treatment could harm Claimant. The WCJ and Board affirmed. To reach a contrary conclusion, the majority accepts Claimant's legal gymnastics, which cannot withstand close examination.

Claimant filed claim and penalty petitions asserting that his June 18, 2001, back injury was work-related. Employer denied the allegations of both petitions, and the contest was decided in Claimant's fa-

vor by WCJ McManus in a June 19, 2003, decision. Therein, WCJ McManus noted that Employer did not issue a Notice of Compensation Payable or a Notice of Compensation Denial, but Employer did move Claimant to light-duty work and paid his medical bills. WCJ McManus expressed the view that "[a]ccordingly, the underlying action is a termination case not an original Claim Petition." McManus Decision, Finding of Fact No. 4; Reproduced Record at 61.[1] Employer appealed from WCJ McManus's order and this Court affirmed, with no mention of a termination proceeding. *White Engineering v. Workers' Compensation Appeal Board (Ryndycz)*, (Pa.Cmwlth. Nos. 862, 2113 C.D. 2004, filed June 20, 2005).

The majority considers WCJ McManus's factual characterization of the claim petition as a "termination case" to be a "ruling" that was binding on WCJ Desimone in the instant utilization review proceeding. I disagree. At best, the WCJ's factual finding was *dictum.* It did not, and could not, transform the proceeding from a claim and penalty proceeding into a termination proceeding, particularly where *Employer did not accept liability for Claimant's injury.* In any case, a reading of the entire decision reveals that WCJ McManus was considering claim and penalty petitions; never shifted the burden of proof from Claimant; and, critically, specified in his Order that he was granting Claimant's claim and penalty petitions. Therefore, the grant of the claim petition was WCJ McManus's "ruling" in the case; he did not deny a termination petition.

In his decision, WCJ McManus found that Dr. Warner's bills totaled $7,747 and that this treatment was causally related to Claimant's work injury. The WCJ also ordered Employer to pay for chiropractic services "in accordance with the Workers' Compensation Act,"[2] *i.e.,* reasonable and necessary treatments. Employer then submitted all of Dr. Warner's bills for utilization review. Claimant's appeal to this Court focuses on if and when Employer was permitted to obtain utilization review of Dr. Warner's treatment.

The majority acknowledges that Employer was permitted to seek utilization review, but only with respect to Dr. Warner's bills for treatment after June 17, 2003, *i.e.,* within 30 days prior to the utilization review request. However, this determination is based on the majority's erroneous conclusion that the underlying proceeding before WCJ McManus was a termination case. The law regarding claim petition proceedings is different. Under Section 127.404(b) of the Medical Cost Containment Regulations, when an employer contests liability for a claim, the 30 days that an employer has in order to request retrospective utilization review of medical treatment is tolled pending a determination of liability.[3] In this case, Em-

---

1. The reason for this finding is unclear. WCJ McManus cited *Williams v. Workmen's Compensation Appeal Board (AT & T Technologies, Inc.),* 144 Pa.Cmwlth.297, 601 A.2d 473 (1991), which holds that in some cases, on some issues, the burden of proof may shift from a claimant to an employer. However, *Williams* does not hold that a contested claim petition can morph into a termination proceeding.

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4, 2501–2626.

3. Section 127.404(b) of the Medical Cost Containment Regulations provides:

   If an insurer or employer seeks retrospective review of treatment, the request for UR shall be filed within 30 days of the receipt of the bill and medical report for the treatment at issue. Failure to comply with the 30–day time period shall result in a waiver of retrospective review. *If the insurer is contesting liability for the underlying claim, the 30 days in which to request retrospective UR is tolled pending an acceptance or determination of liability.*

ployer contested the claim petition and, as a result, the 30 days during which Employer could request retrospective review of medical treatment was tolled pending the judicial determination of liability. Employer's liability for payment of Claimant's medical bills was not established until WCJ McManus rendered his decision granting the claim petition. At that point, Employer was permitted by law to submit all of Dr. Warner's treatment from July 31, 2002, and ongoing to utilization review within 30 days of WCJ McManus's decision, and it properly did so.

Turning to the majority's conclusion that WCJ Desimone failed to address the evidence of the palliative effect of Dr. Warner's treatment, again I disagree. This Court has explained that "medical treatment may be reasonable and necessary even if the treatment does not cure the underlying injury, so long as it acts to relieve pain and treats the symptomatology, i.e., if it is palliative in nature." *Trafalgar House v. Workers' Compensation Appeal Board (Green)*, 784 A.2d 232, 235 (Pa.Cmwlth.2001). However, when a WCJ accepts the opinion of the utilization review doctor over the claimant's evidence that the treatment in question relieves his pain, this Court may not disturb that credibility determination on appeal. *Howrie v. Workers' Compensation Appeal Board (CMC Equipment Rental)*, 879 A.2d 820, 823 (Pa.Cmwlth.2005).

Here, the WCJ expressly addressed the palliative nature of Dr. Warner's care. In-

deed, the WCJ acknowledged that the objectives of Dr. Warner's treatment were to reduce pain and restore function. However, the WCJ found that the treatment was not accomplishing those objectives because Claimant continues to experience severe pain and to suffer severe functional limitations on a daily basis. The WCJ pointed out that eight days after he testified, Claimant was unable to complete an examination with another doctor because he could not or would not sit or lie on an examination table and had difficulty walking ten feet. The WCJ specifically found Dr. Warner's testimony about his treatment of Claimant as not credible for the stated reason that Dr. Warner "did not consider and address the ineffectiveness of his treatment." Desimone Decision, 9/13/04, Finding of Fact No. 10.[4]

The WCJ instead chose to accept the opinion of Dr. Cavallo, the peer review physician appointed by the URO. Dr. Cavallo stated that 44 treatments of electrical stimulation and manual manipulation between July 31, 2002, and December 2, 2002, were appropriate.[5] After that point, this treatment ceased to be reasonable and necessary. Indeed, Dr. Cavallo explained that a patient with chronic pain should not be treated with procedures used to assist patients with acute pain; otherwise the treatment actually exacerbates the situation. WCJ Desimone considered Claimant's evidence that the treatment had a palliative effect, but he rejected it. In short, the WCJ's decision hinged on a credibility determination that is binding on

34 Pa.Code § 127.404(b) (emphasis added).

**4.** In his December 7, 2005, decision after remand, WCJ Desimone incorporated all of the findings of fact from his September 13,

2004, decision. Desimone Decision, 12/7/05, Finding of Fact No. 6.

**5.** Instead, Claimant has received hundreds of such manual manipulations and electrical

appeal.[6] *Howrie,* 879 A.2d at 823.

I would affirm the Board and the WCJ.

stimulations from Dr. Warner.

**6.** The WCJ has complete authority over questions of credibility and conflicting medical evidence. *Sherrod v. Workmen's Compensation Appeal Board (Thoroughgood, Inc.),* 666 A.2d 383, 385 (Pa.Cmwlth.1995).