**CENTRAL HIGHWAY OIL
COMPANY, Petitioner,**

v.

**WORKERS' COMPENSATION
APPEAL BOARD (MAH-
MOD), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 22, 1999.

Decided March 18, 1999.

Charles M. Miller, Frackville, for petitioner.

John M. Hampton, Ashland, for respondent.

Before FRIEDMAN, J., LEADBETTER, J., and LORD, Senior Judge.

LORD, Senior Judge.

Central Highway Oil Company (Employer) petitions this Court for review of a Workers' Compensation Appeal Board (Board) order that reversed a Workers' Compensation Judge's (WCJ) decision to

deny Joseph Mahmod's (Claimant) utilization review petition pursuant to Pennsylvania's Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1041.4; 2501–2626.

Claimant sustained an injury during the course of his employment while delivering oil to a residence on February 9, 1994. On December 14, 1995, Employer filed a request for utilization review in an effort to determine the reasonableness and medical necessity of the chiropractic care prescribed and provided to Claimant by Wilbur B. Kenesky, D.C. on and after November 10, 1994. W. Brett Carothers, D.C. conducted the utilization review for Employer. After reviewing Claimant's medical records, Dr. Carothers indicated: "Neither the reasonableness or medical necessity of continuing the care as prescribed and delivered is substantiated beyond February 9, 1995, in this instance." However, Dr. Carothers opined that extended care was reasonable beyond November 10, 1994 until February 9, 1995.

On January 27, 1996, Phillip A. Richter, D.C. completed a utilization review reconsideration of Claimant's post-injury chiropractic care in Dr. Kenesky's facility. Dr. Richter opined that care through early 1995 could be reasonably supported. However, he found that treatment subsequent to May 30, 1995 could not be supported due to the lack of subsequent attempts at structured in-house active care in accordance with support-of-care guidelines.

On or about February 27, 1996, Claimant filed a petition for review of utilization review determination seeking a determination of the reasonableness or necessity of the treatment provided by Dr. Kenesky.[1] Following a hearing, the WCJ found that Employer had met its burden of proving that the chiropractic care provided by Dr. Kenesky after February 9, 1995 was unreasonable or unnecessary, and he denied Claimant's petition. On Claimant's appeal, the Board reversed the WCJ's decision. Employer now appeals to this Court.

 Our scope of review is limited to determining whether constitutional rights were violated, errors of law were committed or necessary findings of fact were unsupported by substantial evidence. *Crenshaw v. Workmen's Compensation Appeal Board (Hussey Copper),* 165 Pa.Cmwlth. 696, 645 A.2d 957 (1994). There is no doubt that the WCJ is the sole judge of questions of credibility and may accept or

---

1. Section 306(f.1)(6) of the Act, 77 P.S. § 31(6), which governs the resolution of disputes concerning the reasonableness or necessity of medical treatment, states the following:

(6) *Except in those cases in which a workers' compensation judge asks for an opinion from peer review under section 420,* disputes as to reasonableness or necessity of treatment by a health care provider shall be resolved in accordance with the following provisions:

(i) The reasonableness or necessity of all treatment provided by a health care provider under this act may be subject to prospective, concurrent or retrospective utilization review at the request of an employe, employer or insurer. The department shall authorize utilization review organizations to perform utilization review under this act. Utilization review of all treatment rendered by a health care provider shall be performed by a provider licensed in the same profession and having the same or similar specialty as that of the provider of the treatment under review. Organizations not authorized by the department may not engage in such utilization review.

(ii) The utilization review organization shall issue a written report of its findings and conclusions within thirty (30) days of a request.

(iii) The employer or the insurer shall pay the cost of the utilization review.

(iv) If the provider, employer, employe or insurer disagrees with the finding of the utilization review organization, a petition for review by the department must be filed within thirty (30) days after receipt of the report. The department shall assign the petition to a workers' compensation judge for a hearing or for an informal conference under section 402.1. The utilization review report shall be part of the record before the workers' compensation judge. The workers' compensation judge shall consider the utilization review report as evidence but shall not be bound by the report.

reject the testimony of any witness in whole or in part. *Id.* We cannot disturb findings of the WCJ, even if there is evidence to the contrary, if those findings are supported by substantial evidence. *Id.*

Employer raises two arguments before us. First, it contends that the Board erred when it held that the standard of reasonable care employed by the WCJ was erroneous as a matter of law.[2] In essence, Employer argues that the Board erred when it held that reasonable care, as defined in Section 531 of the Act, can include treatment for the relief of pain absent a decrease in a claimant's physical incapacity as a matter of law. We disagree.

The WCJ in his decision put forth the following standard for reasonable care involving treatment for pain:

> [T]his WCJ concludes that in order for the treatment of Dr. Kenesky to have been considered reasonable medical treatment, this WCJ would have needed to have found that the chiropractic treatment at issue would have resulted in a decrease in the Claimant's incapacity. In other words, the Defendant·was entitled to the relief sought if it proved by a preponderance of the evidence that the treatment by Dr. Kenesky did not result in any decrease in the level of the Claimant's incapacity or, to use a term preferred by this WCJ 'physical impairment.'

(WCJ's Decision, 4/30/97, p. 13)

■ We conclude, as the Board did, that this analysis is flawed in that it requires pain treatment in all instances to result in a decrease in a claimant's incapacity in order for the care to be considered reasonable and necessary. In support of our conclusion, we are guided by *Muse v. Workmen's Compensation Appeal Board (Western Electric Company)*, 514 Pa. 1, 522 A.2d 533 (1987), which states that reasonableness and necessity be determined *within the context of each case.*

We know of no authority for the proposition that treatment for pain relief must result in physical improvement in order to be deemed ·reasonable or necessary, and the WCJ cited none. Furthermore, this Court has previously held medical treatment to be reasonable and necessary care despite the fact that it would not result in an increase in the claimant's physical capacity. *See Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.)*, 141 Pa.Cmwlth. 438, 595 A.2d 781 (1991).

Next, Employer argues that the Board exceeded its scope of review when it relied on Claimant's testimony, which was not credited by the WCJ, in determining that Claimant had received reasonable and necessary care in the form of pain relief from Dr. Kenesky's chiropractic treatment. The Board in its opinion cited the following testimony by Claimant as evidence that the treatment in question qualified as reasonable and necessary:

> A. I don't like going to doctors. I'm not in the habit, you know, of going to doctors, you know. I go because it's a necessity.
>
> . . . .
>
> A. I go to Dr. Kenesky. He gives me these treatments. He relieves the pressure off my leg, the binding, the pain in my toes. Then I go walking and maybe three, four days it's back again. You know, it's – it just won't heal.

(Notes of Testimony, WCJ's Hearing, 4/29/95, pp. 42, 44).

■ The WCJ failed to rule on the credibility of the above testimony. The Board nonetheless relied on it as evidence to support the conclusion that Dr. Kenesky's treatment was reasonable and necessary. Because this case turns on the nature and quality of pain relief Claimant received

**2.** Employer, in its brief, states its first argument as follows: "The WCJ Properly Found Respondent's Continued Chiropractic Treatment As Unnecessary And Unreasonable Expense Notwithstanding The WCJ's Choice of Language In Interpreting 77 P.S. § 531".

from Dr. Kenesky's chiropractic treatment, we must remand this issue to the Board so that it can instruct the WCJ to make credibility findings regarding Claimant's testimony concerning Dr. Kenesky's pain treatment. After evaluating Claimant's testimony, the WCJ must then revisit the question of whether Dr. Kenesky's chiropractic treatment in relief of pain was reasonable and necessary after February 9, 1995.

### *ORDER*

AND NOW, this 18th day of March, 1999, the order of the Workers' Compensation Appeal Board, No. A97–2102, dated October 1, 1998, is hereby vacated and this case is remanded to the Board with instructions consistent with this opinion.

Jurisdiction Relinquished.