**Dr. Richard GLICK, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (CONCORD BEVERAGE COMPANY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 12, 1999.

Decided Feb. 24, 2000.

Publication Ordered May 3, 2000.

Patrick M. Donan, Philadelphia, for petitioner.

---

Charlene Stewart Barnaba, Philadelphia, for respondent.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

JIULIANTE, Senior Judge.

Dr. Richard Glick (Provider) petitions for review of the August 4, 1999 order of the Workers' Compensation Appeal Board (Board) that affirmed the decision of Workers' Compensation Judge Francine Lincicome (WCJ) denying Provider's petition for review of initial utilization review determination (UR review petition). Provider contends that the WCJ erred in finding Claimant's treatment by Provider on or after April 11, 1996 unreasonable and unnecessary because said treatment was palliative in nature and provided no lasting benefits related to the work injury. Provider argues that just because a treatment is palliative, and will not result in any lasting benefit, that is not a reason to find that treatment unreasonable and unnecessary. We reverse.

On May 28, 1994, Claimant Robert Young sustained an injury to his back and right wrist while in the course and scope of his employment with Concord Beverage Company (Employer). Pursuant to a notice of compensation payable, Claimant began receiving workers' compensation benefits. Claimant's benefits were subsequently commuted by way of a March 27, 1996 decision of WCJ Inez Lundy.

As a result of his work injury, Claimant had treated with Provider. On May 22, 1996, Employer filed an initial UR determination request alleging that Provider's treatment of Claimant after April 11, 1996 was not reasonable and necessary. The Bureau of Workers' Compensation assigned Dr. Richard F. Golden to review Provider's treatment.

In his July 18, 1996 report, Dr. Golden stated that in between the dates of April 11 and June 26, 1996, Claimant received physical therapy from Provider a total of 15 times. The physical therapy consisted of conservative treatment in the form of ultrasound, heat packs, high voltage stimulator, TENS Unit and massage plus anatomizer. Dr. Golden also stated in his report that he conducted a July 18, 1996 telephone conversation with Provider and was informed that Claimant was receiving symptomatic, palliative physical therapy and that Claimant was engaged in a home exercise program.

Dr. Golden concluded that the conservative physical modalities that were administered to Claimant on or after April 11, 1996 will produce no lasting benefit for Claimant's May 28, 1994 work injury. Therefore, Dr. Golden opined in the June 17, 1996 initial UR determination that this form of treatment was neither reasonable nor necessary for Claimant's work injury.

Provider subsequently filed a UR review petition challenging the initial UR determination. Provider's petition was assigned to WCJ Lincicome. In support of his petition, Provider introduced into evidence his November 10, 1996 report, which stated that Claimant was treated with physical modalities and that said treatment made Claimant more comfortable and alleviated his symptomatology. Provider opined in his report that because the treatment gave Claimant symptomatic relief, it was reasonable and necessary.

Provider also introduced an article by Dr. Kenneth Izzo, head of the consulting group that ordered the treatment for Claimant. The article stated that the treatment Claimant was receiving is accepted for the treatment of chronic pain. Provider further introduced into evidence a medical report from Dr. Babu V. Varada, who examined Claimant and recommended that he receive the forms of treatment provided by Provider.

Employer introduced into evidence Dr. Golden's July 18, 1996 report upon which the initial UR determination was based. To reiterate, Dr. Golden opined in his report that the treatment Claimant received was not reasonable or necessary because it

produced no lasting benefit for Claimant's work injury.

The WCJ accepted Dr. Golden's opinion as credible and persuasive and found that Claimant's treatment after April 11, 1996 was not reasonable or necessary in relation to Claimant's work injury. The WCJ noted that Provider admitted that the treatments were only palliative in nature and that any efforts to actually improve Claimant's physical condition can be effectuated by his home exercise program. Consequently, the WCJ denied Claimant's UR review petition.

■ The Board affirmed and Provider appealed. On review, this Court is limited to a determination of whether the necessary findings of fact are supported by substantial evidence, whether errors of law have been committed or whether constitutional rights have been violated. *Sears, Roebuck & Co. v. Workers' Compensation Appeal Board (Lear),* 707 A.2d 618 (Pa. Cmwlth.1998).

■ Provider contends that the Board erred in affirming the WCJ's decision that Claimant's treatment was not reasonable or necessary because it merely relieved Claimant's pain and did not cure his condition. This Court agrees.

In *Cruz v. Workers' Compensation Appeal Board (Philadelphia Club),* 728 A.2d 413, 417 (Pa.Cmwlth.1999), in reviewing a similar case, this Court recognized that "treatment may be reasonable and necessary even if it is designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition." As the Court noted in *Cruz,* "an employer seeking to avoid payment for medical services in a UR proceeding has a never-shifting burden to prove that the treatments in question are unnecessary or are unreasonable." *Id.* (citing *Topps Chewing Gum v. Workers' Compensation Appeal Board (Wickizer),* 710 A.2d 1256 (Pa.Cmwlth.1998)).

As further noted in *Cruz,* "Employer bore the burden of refuting Provider's tes-timony by proving that the treatment in question was not a reasonable and necessary manner of managing Claimant's chronic pain." 728 A.2d at 417. As was the case in *Cruz,* Employer in the case *sub judice* failed to meet this burden. The evidence relied upon by the WCJ, Dr. Golden's opinion that Claimant's treatment was not reasonable or necessary because it was only palliative in nature and produced no lasting benefit, is not sufficient to refute Provider's testimony that Claimant's treatment was necessary to alleviate his symptomatology.

Employer attempts to distinguish *Cruz* on the ground that, in the case at bar, the WCJ found that Claimant's home exercise program was an alternative treatment that could improve Claimant's physical condition. However, there is no evidence to indicate that Claimant's home exercise program gave him symptomatic relief as did Provider's physical therapy treatments. Consequently, the Court does not find *Cruz* to be distinguishable from the instant case. Rather, we find the rationale in *Cruz* to be clearly applicable.

Moreover, in *Central Highway Oil Co. v. Workers' Compensation Appeal Board (Mahmod),* 729 A.2d 106, 108 (Pa.Cmwlth. 1999), the Court stated that "[w]e know of no authority for the proposition that treatment for pain relief must result in physical improvement in order to be deemed reasonable or necessary, and the WCJ cited none." "Furthermore this Court has previously held medical treatment to be reasonable and necessary care despite the fact that it would not result in an increase in the claimant's physical capacity." *Id.* (citing *Tobias v. Workmen's Compensation Appeal Board (Nature's Way Nursery, Inc.),* 141 Pa.Cmwlth.438, 595 A.2d 781 (1991)).

In view of the foregoing, this Court concludes that the WCJ erred in determining that Employer met its burden of proving that Provider's treatment of Claimant was not reasonable or necessary because it was

merely palliative in nature and produced no lasting benefit related to Claimant's work injury. Accordingly, the order of the Board is reversed.

## *ORDER*

AND NOW, this 24th day of February, 2000, the August 4, 1999 order of the Workers' Compensation Appeal Board is hereby reversed.