**TRAFALGAR HOUSE & ST. PAUL FIRE & MARINE INSURANCE, Petitioners,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (Green), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 25, 2001.

Decided Sept. 25, 2001.

Daniel W. Deitrick, Pittsburgh, for petitioners.

Amiel B. Caramanna, Jr., Pittsburgh, for respondent.

Before DOYLE, President Judge, SMITH, Judge, and FLAHERTY, Senior Judge.

DOYLE, President Judge.

Trafalgar House & St. Paul Fire & Marine Insurance (collectively referred to as "Employer") petition for review of an order of the Workers' Compensation Appeal Board (Board) reversing the decision of a Workers' Compensation Judge (WCJ), which had denied a utilization review petition filed by Edward E. James, D.O. (Provider).

On November 18, 1993, Jonathan Green (Claimant) sustained a work-related injury to his lower back while performing his job for Employer, and, on January 6, 1994, he began receiving workers' compensation benefits pursuant to a Notice of Compensation Payable. As part of his medical treatment, Claimant received pain and anti-inflammatory medication, physical therapy, aqua therapy, moist heat, electrical stimulation, ultrasound and osteopathic manipulation.

Thereafter, Employer filed a utilization review petition, requesting review of the reasonableness and necessity of treatment rendered by Provider. The initial determination by a utilization review organization (URO), dated October 12, 1994, established that the treatment rendered by Provider was neither reasonable nor necessary, indicating that Provider's medical and physical therapy treatments were only helpful for a period of three months. Provider then filed a request for reconsideration[1] of the utilization review determination, and, on reconsideration, the treatment, which had been determined to be only reasonable and necessary for a period of three months, was deemed reasonable for six months.

Provider, not being satisfied with the six-month determination, filed a review petition and a WCJ then concluded that Claimant failed to prove that his ongoing physical therapy treatments were reasonable or necessary for the treatment of his work injury. Thus, the WCJ denied the Provider's review petition. Claimant appealed and the Board concluded that the WCJ erred by placing the burden of proof on Claimant to prove that his medical treatments were reasonable and necessary. Accordingly, the Board remanded the case to the WCJ to conduct a hearing on the merits and to place the appropriate burden of proof on the correct party.

On remand, the WCJ properly allocated the burden of proof to Employer, but still

---

1. The Act of June 24, 1996, P.L. 350, commonly known as Act 57, eliminated the need for reconsideration of the utilization review, and now, if a provider, employer, employee or insurer disagrees with a finding by a URO, it must file a petition for review and the matter is then assigned to a WCJ. *See* Section 306(f.1)(6)(iv) of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 531(6)(iv).

concluded that the medical treatment rendered to Claimant was not reasonable or necessary as of July 26, 1994. In reaching this conclusion, the WCJ relied on the medical evidence provided by Employer. First, the WCJ credited the testimony of William Kozin, M.D. and Arlene Imber, D.O., both of whom opined that the ongoing physical therapy was not reasonable or necessary to treat Claimant's soft tissue injuries. (WCJ's Finding of Fact No. 4E).[2] In addition, the WCJ relied upon two independent medical examinations of Claimant performed by Herbert R. Tauberg, M.D. and Michael P. Casey, M.D. Drs. Tauberg and Casey also opined that ongoing physical therapy was not reasonable or necessary, and that Claimant merely needs an exercise program for stretching and to increase flexibility because of his deconditioned physical state. Finally, the WCJ rejected the testimony of Provider, in part, because Provider conceded "that his care is essentially palliative in nature." (WCJ's Finding of Fact No. 4F). Accordingly, the WCJ again denied the Provider's review petition.

■ On appeal, the Board reversed the WCJ's decision, holding that she erred as a matter of law by basing her decision that the treatments were unreasonable and unnecessary on the fact that the treatments were only palliative in nature. The Board, relying on this Court's decision in *Glick v. Workers' Compensation Appeal Board (Concord Beverage Company)*, 750 A.2d 919 (Pa.Cmwlth.2000), concluded that a WCJ may not determine medical treatments to be unreasonable or unnecessary based solely on the fact that treatment is only palliative. After the Board reversed the WCJ's decision and granted the Provider's utilization review petition, Employer filed this appeal.[3]

We are again called upon to determine whether a claimant's physical therapy treatment is reasonable and necessary as is required by Section 306(f.1) of the Act. Although there is not a bright line standard when analyzing these cases, this Court has delineated certain guidelines that are useful in their disposition.

In *Cruz v. Workers' Compensation Appeal Board (Philadelphia Club)*, 728 A.2d 413, 417 (Pa.Cmwlth.1999), we stated that "treatment may be reasonable and necessary even if it is designed to manage the claimant's symptoms rather than to cure or permanently improve the underlying condition." Later, in *Central Highway Oil Co. v. Workers' Compensation Appeal Board (Mahmod)*, 729 A.2d 106 (Pa. Cmwlth.1999), we concluded that medical treatment was reasonable and necessary where it alleviated pain but did not result in improvement of the underlying condition. We stated that "[w]e know of no authority for the proposition that treatment for pain relief must result in physical improvement in order to be deemed reasonable or necessary, and the WCJ cited none." *Id.* at 108.

---

2. Dr. Kozin issued the initial determination that Provider's treatments were only reasonable and necessary for a period of three months, and Dr. Imber issued a determination pursuant to Provider's request for reconsideration that the treatment was only reasonable and necessary for a period of six months. Hence, the period of treatment under review in the instant matter is from July 26, 1994, six months after he began treating with Provider. (WCJ's Findings of Fact Nos. 2D–2F).

3. Our standard of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether constitutional rights were violated, or whether an error of law was committed. *Morey v. Workmen's Compensation Appeal Board (Bethenergy Mines, Inc.)*, 684 A.2d 673 (Pa.Cmwlth. 1996).

A year later, in *Glick*, we applied these holdings and found that the claimant suffered a work injury to his back and received symptomatic, palliative physical therapy in the form of ultrasound, heat packs, high voltage stimulator and massage. The treating physician in *Glick* opined that the treatments administered to the claimant, which were accepted in the profession for treatment of chronic pain, gave him symptomatic relief from pain and were, therefore, reasonable and necessary. *Id.*, 750 A.2d at 920.

The WCJ ultimately concluded that the treatment was not reasonable or necessary because "Provider admitted that the treatments were only palliative in nature and that any efforts to actually improve Claimant's physical condition can be effectuated by his home exercise program." *Id.* at 921. The Board, on appeal, affirmed, but this Court reversed. After analyzing *Cruz* and *Central Highway*, we determined that the medical treatment **was** reasonable and necessary despite the fact that the treatment was merely palliative in nature and produced no lasting benefit relating to the claimant's work injury; however, the treatment did alleviate the claimant's pain.

■ The standard, or guideline, enunciated in the above cases is that medical treatment may be reasonable and necessary even if the treatment does not cure the underlying injury, so long as it acts to relieve pain and treats the symptomatology, i.e., if it is palliative in nature. Therefore, we believe that the Board was correct in concluding that the WCJ erred by finding Provider's medical treatment unreasonable and unnecessary based solely on the fact that this treatment was only palliative.

It is undisputed by any of the medical witnesses that the Provider's treatment is not expected to cure Claimant's underlying soft tissue injuries. The question that remains, therefore, is whether Claimant still suffers from pain and whether Provider's treatment is relieving that pain. A review of the WCJ's opinion reveals findings that the Provider's treatments offer relief only lasting for a few days, (WCJ's Finding of Fact No. 4C), and that Provider conceded that his care is essentially palliative in nature. (WCJ's Finding of Fact No. 4F). A review of Claimant's testimony offers support for these findings.

BY WCJ

Q. After an office visit, how long would the relief last?

A. A couple days.

* * *

BY EMPLOYER'S ATTORNEY

Q. How about the therapy. When you received the therapy, was it just a temporary relief?

A. No. I mean, it would go—I would be relived [sic] for awhile, okay. And then the next time I go back, you know, it was all like coming together, basically. Like I'm in pain right now sitting in this chair.

BY WCJ

Q. Where is your pain located?

A. Lower back.

* * *

Q. Mr. Green, if the insurance company started paying [Provider] again, would you go back?

A. Sure. I would go back if the pain is like that, yeah.

Q. Okay. You seem to be indicating that your pain is intermittent, meaning it comes and goes.

A. Yes.

Q. And how often does that happen? I mean, it seems to me that you have periods where you're quote, unquote, okay, that you feel all right; is that true?

A. Uh-huh (yes).

* * *

Q. All right. And how often do you have a pain .... in your lower back?
* * *

A. It's more than once a day.

(Notes of Testimony, dated September 12, 1995, at 11, 15, 21–22). In addition, Provider testified that his treatment of Claimant was palliative but that it would keep him comfortable, and that a cure is not expected. (Dr. James' deposition, dated February 4, 1995, at 34–35).

■ Based on the testimony of Claimant and Provider, and on the WCJ's findings that Provider's treatment, while essentially palliative in nature, does provide Claimant relief from his pain, we hold, pursuant to *Glick*, that Employer failed to meet its burden to prove that Provider's physical therapy treatments are unreasonable and unnecessary. Accordingly, we affirm the order of the Board.

### *ORDER*

**NOW,** September 25, 2001, the order of the Workers' Compensation Appeal Board in the above-captioned matter is hereby affirmed.