# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Jones,      :
      Petitioner  :
           :
    v.       :  No. 533 C.D. 2019
           :  Submitted: August 9, 2019
           :
Workers' Compensation Appeal  :
Board (SEPTA),     :
      Respondent :

BEFORE:  HONORABLE MARY HANNAH LEAVITT, President Judge
      HONORABLE ROBERT SIMPSON, Judge[1]
      HONORABLE MICHAEL H. WOJCIK, Judge

OPINION NOT REPORTED

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**     **FILED: November 25, 2019**

    Steven Jones (Claimant) petitions for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed an order of Workers' Compensation Judge (WCJ) Andrea McCormick granting Southeastern Pennsylvania Transportation Authority's (Employer) termination petition. The WCJ's order also denied Claimant's petitions for review of utilization review (UR) determination (UR review petitions) and reinstatement petition. Claimant contends the WCJ erred in terminating his benefits and in denying his UR review petitions in light of the medical evidence. For the reasons that follow, we affirm.

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

## I. Background

### A. History of Proceedings; Current Petitions

Claimant worked for Employer as a maintenance custodian driver. His duties included heavy lifting and driving forklifts. In September 2001, Claimant fell through an open grate, dropped 8 to 10 feet, and struck various body parts. Claimant sustained work-related injuries described in an approved stipulation as sprain/strains of the right ankle and cervical spine region, low back pain, and discomfort in both shoulders.

In a February 2006 decision, WCJ Scott Olin determined that all work-related disability of the right ankle, right knee, and low back ceased as of November 2004. However, WCJ Olin also determined that Claimant remained totally disabled from symptoms related to his cervical spine and shoulder conditions.

In November 2011, WCJ McCormick modified Claimant's benefits to a 500-week period of partial disability based on an impairment rating evaluation of 35%. In April 2015, WCJ Denise Krass issued a decision denying Employer's termination, suspension and modification petitions based on a finding that Claimant's symptoms related to cervical spine and shoulders continued and prevented him from returning to work in more than a light-duty capacity. In particular, WCJ Krass determined that none of the jobs identified by Employer's vocational expert were sufficiently light duty in nature for Claimant.

In May 2017, Employer filed a new termination petition alleging Claimant fully recovered from his work-related injuries as of March 2, 2017, based

2

on an independent medical examination (IME) performed by Dr. Dennis W. Ivill (IME Physician). In July 2017, Claimant filed a reinstatement petition seeking to modify his benefits from partial disability to ongoing total disability based upon the Supreme Court's decision in Protz v. Workers' Compensation Appeal Board (Derry Area School District), 161 A.3d 827 (Pa. 2017).

In August 2017, Dr. Stanley Askin completed a UR determination finding that Claimant's treatment by Dr. Randall N. Smith (Claimant's Physician), a board-certified orthopedic surgeon, from April 21, 2017, and ongoing, was unreasonable and unnecessary. This included office visits at any frequency, the May 2017 MRI (magnetic resonance imaging) of the cervical spine, prescription medications, over the counter aspirin (81 mg daily), and supplements. On the same day, Dr. Nathan Schwartz completed a UR determination finding Claimant's treatment with Ms. Lydia A. Reese, L.Ac. (Acupuncturist), an acupuncture practitioner, unreasonable and unnecessary after April 7, 2017. Claimant timely filed UR review petitions regarding both UR determinations.

### B. Employer's Evidence

In support of its termination petition, Employer presented IME Physician's deposition testimony. IME Physician, board certified in physical medicine and rehabilitation, reviewed Claimant's numerous medical records. He learned that Claimant began treatment with Dr. Richard H. Kaplan (Physiatrist), who is board certified in physical medicine and rehabilitation, in 2003. Physiatrist, who practices with Claimant's Physician, treats Claimant with acupuncture, prescription

pain killers and sleeping pills. These medications include Tramadol, Cyclobenzaprine, Ibuprofen, Lyrica and Relistor.

Claimant's complaints included neck pain radiating down the bilateral upper extremities over the shoulder into the elbow area. The pain was sharp and constant. It increased with range of motion. Claimant also reported headaches that felt like migraines and right ankle pain; neither of these two conditions were determined to be related to Claimant's work injury.

IME Physician also physically examined Claimant. IME Physician noted that Claimant ambulated without an antalgic gait. Claimant's neck examination revealed normal curvature of the cervical spine, and no palpable trigger points in the bilateral cervical paraspinal, levator scapulae or trapezius muscles. Claimant had no pain in the spinous processes and a negative Spurling's sign bilaterally. Claimant's bilateral upper extremities had normal reflexes and strength throughout. Sensation was intact to light touch. The circumference of both arms was the same. Claimant had negative Tinel's at the bilateral greater occipital nerves, bilateral elbows, and bilateral wrists. Claimant also had negative Phalen's sign and reverse Phalen's. IME Physician also performed Jaymar hand grip dynamometer testing, which showed inconsistencies.

IME Physician also evaluated Claimant's lower extremities. His objective physical examination findings were all normal.

4

Ultimately, IME Physician opined within a reasonable degree of medical certainty that as of his March 2, 2017 examination, Claimant fully recovered from his cervical sprain and strain, and his discomfort in both shoulders. Therefore, IME Physician executed an affidavit of full recovery.

Employer also submitted into evidence a surveillance summary and video of surveillance conducted in July 2017 by Prime Source Investigations (Investigator). Surveillance observed Claimant lifting and carrying recycling and trash cans to his neighbor's porch and side yard. A photo showed Claimant lifting the recycling bin over his head with his left arm.

Later in July 2017, Investigator observed Claimant, a Jehovah's Witness, standing on a corner talking to others before entering a vehicle with others and returning to Kingdom Hall, their place of worship. Investigator also observed Claimant pulling a large suitcase and setting up what appeared to be a portable display of pamphlets. Claimant moved without restriction and gestured using his hands and arms.

In opposition to Claimant's UR review petition regarding Claimant's Physician's care, Employer presented Dr. Askin's UR determination report. Dr. Askin reviewed Claimant's office visits, medications and diagnostic studies from April 21, 2017, and ongoing. Dr. Askin noted that Claimant's Physician provided palliative care for Claimant. However, Claimant's Physician's examinations did not identify any atrophy, weakness, or sensory imperfection. Rather, Claimant's Physician's examinations merely indicated pain and discomfort over the center of

5

the spine that has been unyielding despite the passage of time, acupuncture treatment, and various medications.

Dr. Askin found that Claimant had no disc herniation, no neurologic impairment and no surgery. Thus, Dr. Askin determined that from April 21, 2017, and ongoing, all treatment rendered to Claimant by Claimant's Physician was unreasonable and unnecessary. This included office visits at any frequency, a May 2017 cervical spine MRI scan, prescription medications and supplements. Dr. Askin based his assessment on the fact that Claimant's Physician's records showed no treatment goals and did not appear to be changing the treatment modalities. Dr. Askin also noted that there were no measurable gains in Claimant's condition.

In opposition to Claimant's UR review petition regarding Acupuncturist's care, Employer presented Dr. Schwartz's UR determination report. Dr. Schwartz reviewed Acupuncturist's treatment of Claimant from April 7, 2017, and ongoing. The doctor noted that Acupuncturist began treating Claimant in June 2007. At that time, Claimant complained of upper back and neck pain with right shoulder/trapezius radiation. Claimant had been taking numerous medications.

Dr. Schwartz further reported that the documentation provided was inadequate to support the treatment under review. Based on practice guidelines, there is no support for acupuncture treatments for the diagnosis of cervical root disorders, other cervical displacement, high cervical region, and other cervical disc displacement in mid cervical regions. In addition, treatment with acupuncture is typically applied after the failure of other traditional, conservative management

techniques. The goal of acupuncture is to restore the body's natural energy flow, thereby eliminating the need for endless acupuncture sessions. Dr. Schwartz concluded that all of Acupuncturist's treatment, from April 7, 2017, and ongoing, was neither reasonable nor necessary.

## C. Claimant's Evidence

In opposition to Employer's termination and in support of his UR review petitions, Claimant presented the deposition testimony of Claimant's Physician. He first examined Claimant in October 2014. Claimant provided a history of his 2001 work-related fall, which resulted in injuries to his right ankle, neck, upper back and shoulders. Claimant informed Claimant's Physician that he still experienced problems with his neck, shoulders and upper back. Upon examination, Claimant's Physician noted that Claimant had spasms, tenderness and lack of mobility of neck, shoulders and upper back. Claimant's Physician recommended medication and acupuncture. Also, Claimant's Physician opined that Claimant could perform some work.

Following his initial appointment, Claimant returned once a month to see either Claimant's Physician or Physiatrist. Claimant's Physician last saw Claimant in September 2017. At that time, Claimant continued to have pain in the neck, upper back and shoulders. Claimant experienced tightness in his shoulders and pain when he elevated them. Claimant also had a 50% range of motion in his neck, requiring him to use mirrors while driving.

7

In May 2017, Claimant underwent an MRI scan and an EMG (electromyography) test. The MRI scan of the cervical spine revealed degenerative changes and protrusions at five different levels. Claimant's Physician agreed that Claimant had degenerative changes at almost every level and that the protrusions could be degenerative in nature. Claimant's Physician also agreed that Claimant could work with restrictions of no lifting over 10 to 15 pounds, no overhead work, no constant turning of the neck, no repetitive use of the arms, and, on an initial basis, no more than 4 hours per day.

However, Claimant's complaints of pain remained constant. In addition to acupuncture which provides only temporary relief, Claimant's Physician prescribed Tramadol, Lyrica, Mobic, Lorzone, and Cyclobenzaprine.

Claimant also testified on his own behalf regarding his medical treatment. Claimant began treating with Physiatrist in 2003. He began seeing Claimant's Physician in 2014. Claimant sees either Physiatrist or Claimant's Physician once a month. He also sees Acupuncturist once a week. Acupuncturist performs acupuncture on Claimant's head, neck and upper arms. Claimant testified his symptoms have not changed since 2011. In addition, Claimant admitted he has not looked for work since 2003.

Regarding the surveillance evidence, Claimant acknowledged lifting a recycling bin weighing 5 to 10 pounds. He also drives his brother's car. As a Jehovah's Witness, Claimant participates in activities three to four times a week.

8

His duties also include pulling a briefcase or cart. Sometimes, Claimant carries a shoulder bag with pamphlets and a tablet.

## D. Dispositive Findings

WCJ McCormick made the following dispositive findings. WCJ McCormick found Claimant's testimony credible in part. McCormick Op., 7/3/18, Finding of Fact (F.F.) No. 16. The WCJ accepted Claimant's testimony regarding the work injury as fact. Id. WCJ McCormick also found credible Claimant's testimony regarding his participation in weekly activities as a Jehovah's Witness. Id. However, based on IME Physician's testimony, WCJ McCormick rejected Claimant's testimony concerning his ongoing symptomatology and its impact on his ability to return to work. Id.

Notably, WCJ McCormick found IME Physician's opinions more credible than those of Claimant's Physician. F.F. No. 17. Where the opinions of the two medical experts conflicted, the WCJ specifically rejected Claimant's Physician's opinions. Id. In particular, WCJ McCormick rejected Claimant's Physician's testimony that Claimant's condition remained unchanged despite over a decade of treatment. Id. To the contrary, the WCJ found that Claimant's Physician's lack of findings undermined his opinions and that Claimant's complaints of a lack of range of motion and pain were purely subjective. Id. In short, WCJ McCormick found Claimant's Physician's testimony "less than compelling" because his disagreement with IME Physician's testimony was based on Claimant's continued subjective complaints of pain. Id.

WCJ McCormick further found that IME Physician thoroughly examined Claimant and reviewed his medical records for the last 10 years. F.F. No. 18. The WCJ found particularly significant the lack of any objective findings on either examination or tests performed that would support a finding of ongoing disability. Id. The WCJ also noted IME Physician's compelling testimony that Claimant is not in need of a step-down program to wean him off Tramadol, an opioid medication. Id. Therefore, WCJ McCormick concluded that drug rehabilitation was unnecessary. Id.

Summarizing, WCJ McCormick found that IME Physician's opinions of full recovery and ability to return to work were supported by the objectively normal results of Claimant's physical examination. F.F. No. 20. The WCJ also credited IME Physician's testimony that Claimant did not exhibit spasm upon examination of the cervical spine as he had in the past. Id.

Further, although WCJ McCormick found that Claimant had only 50% mobility of his cervical spine, the WCJ attributed that condition to non-work-related degenerative disc disease. Id. To that point, WCJ McCormick specifically did not find that Claimant's work-related cervical sprain and strain aggravated Claimant's underlying degenerative cervical conditions. Id. In addition, the WCJ did not find that Claimant's bilateral shoulder discomfort disabled him or required work restrictions. Id. WCJ McCormick also determined that Claimant did not require further medical treatment for his work injury after IME Physician's examination. Id.

Accordingly, WCJ McCormick granted Employer's termination petition effective March 2, 2017. The WCJ also denied Claimant's two UR review petitions on the basis that all medical treatment subject to UR review, rendered after Claimant's full recovery in March 2017, post-dated his full recovery, thereby rendering the UR review petitions moot. F.F. No. 21.

On appeal, the Board affirmed. The Board noted that IME Physician's testimony of full recovery provided substantial, competent evidence to support the WCJ's grant of Employer's termination petition. The Board also rejected Claimant's contention that Employer failed to establish a change in medical condition since the prior IME rejected by WCJ Krass in her 2015 decision.

In so doing, the Board acknowledged that where an employer failed to prevail in prior termination petitions, the employer must establish a change in the claimant's physical condition since the preceding disability adjudication. Lewis v. Workers' Comp. Appeal Bd. (Giles and Ransome, Inc.), 919 A.2d 922 (Pa. 2007). A change in condition may be any change in a claimant's well-being that affects his ability to work. Delaware Cty. v. Workers' Comp. Appeal Bd. (Browne), 964 A.2d 29 (Pa. Cmwlth. 2008). However, there must be a factual finding that the claimant's physical condition changed. Id. at 36.

Here, the Board observed that IME Physician examined Claimant in March 2017, approximately three years after the previous IME. IME Physician opined that Claimant's physical condition improved to the point of full recovery. As noted above, WCJ McCormick credited IME Physician's opinion that as of the date

of his examination, Claimant fully recovered from his work-related cervical sprain and strain, and his discomfort in both shoulders. F.F. Nos. 11(d), 17. Therefore, the Board determined that IME Physician's testimony established a change in Claimant's physical condition warranting a termination of Claimant's benefits. Bd. Op., 4/26/19, at 5. Claimant petitions for review.[2]

## II. Discussion

## A. Termination Petition

Claimant first contends the Board erred in affirming WCJ McCormick's termination of benefits as of the date of IME Physician's March 2017 examination. In a termination petition the employer has the burden of proving by substantial evidence that a claimant fully recovered from his work injury. Udvari v. Workmen's Comp. Appeal Bd. (USAir, Inc.), 705 A.2d 1290 (Pa. 1997).

Here, Claimant, citing Lewis, asserts IME Physician's testimony fails to show any change in his condition since the 2015 disability adjudication by WCJ Krass. Claimant maintains the idea behind Lewis is to prevent serial termination petitions using the same kind of evidence in the hopes of finding a WCJ who will terminate benefits. Accepting the Board's interpretation of Lewis in the present case, Claimant argues that all an employer would ever have to show in a subsequent termination petition is a later date of examination coupled with an opinion of full recovery, no objective findings, and an ability to return to work. In short, Claimant

---

[2] Our review is limited to determining whether the WCJ's findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated. Phoenixville Hosp. v. Workers' Comp. Appeal Bd. (Shoap), 81 A.3d 830 (Pa. 2013).

asserts that IME Physician's testimony is the exact type of repetitive testimony that the Supreme Court determined does not satisfy the burden of proof in a termination petition. Therefore, Claimant maintains that IME Physician's testimony does not establish the necessary change in physical condition required by Lewis.

We disagree. In Baumann v. Workers' Compensation Appeal Board (Kellogg Co.), 147 A.3d 1283 (Pa. Cmwlth. 2016), we determined that when a WCJ no longer finds a claimant's subjective complaints of pain credible, the employer established a change in physical condition sufficient to meet the Lewis standard. We recognized that a determination as to whether a claimant's subjective complaints of pain are accepted is a question of fact for the WCJ.

In Baumann, a WCJ issued a 2009 decision denying a termination petition on the basis that the claimant credibly testified he experienced ongoing cervical and right arm pain despite an IME concluding that he fully recovered and could return to work. The WCJ noted that the claimant's complaints of pain were consistent with his medical expert's examination results.

Thereafter, the claimant, after further medical treatment and tests, underwent a subsequent IME. Based upon his second examination and a review of additional medical records, the IME physician opined that the claimant fully recovered from all aspects of his work injury. A different WCJ accepted the IME physician's testimony as credible and rejected the claimant's testimony as not credible as to his ongoing complaints of pain. The new WCJ thus found that the employer established a change in the claimant's condition. On appeal, the Board

13

affirmed. In affirming the Board, we noted the IME physician's credited opinions, coupled with the WCJ's rejection of the claimant's subjective complaints of ongoing pain, were sufficient to establish a change in the claimant's condition under Lewis.

Here, in 2015 WCJ Krass rejected the testimony of Employer's prior IME physician that Claimant fully recovered from his work injury. WCJ Krass also found credible and convincing Claimant's testimony that he continued to suffer pain and disability as a result of his work injury. See Ex. C-1 (Krass Op., 4/30/15, F.F. Nos. 12, 14); Reproduced Record (R.R.) at 130a.

However, WCJ McCormick, in her July 2018 decision, found the testimony and opinions of IME Physician more credible and persuasive than those of Claimant's Physician. McCormick Op., F.F. No. 17. The WCJ also stated several objective reasons for her credibility findings. Id. Notably, the WCJ found Claimant's Physician's testimony less than compelling because Claimant's Physician cited Claimant's subjective complaints of ongoing pain as a reason for disagreeing with IME Physician's opinion of full recovery. Id.

WCJ McCormick further found that unlike Employer's prior IME physician, who admitted he did not review Claimant's medical evidence, IME Physician thoroughly examined Claimant and reviewed his medical records dating back over 10 years. F.F. No. 18. In particular, the WCJ stated, "Significant to this Judge is the nature of the current medical treatment and the lack of objective findings both on examination and on test studies which would support a finding of ongoing disability." Id. WCJ McCormick also specifically rejected Claimant's testimony of

14

ongoing symptomatology in favor of IME Physician's testimony of full recovery. F.F. No. 16.

The WCJ also found Employer's surveillance evidence compelling. F.F. No. 19. The video surveillance evidence showed Claimant lifting and carrying books and bags while performing religious duties as a Jehovah's Witness. Id. Thus, the WCJ determined that the medical evidence and the video surveillance evidence both showed that Claimant fully recovered from his work injury. Id.

As we noted in Baumann, neither the Board nor this Court may reweigh the evidence or second guess a WCJ's credibility determinations. In light of WCJ McCormick's findings, we hold that IME Physician's testimony, that Claimant fully recovered from his work injury with no residual symptomatology, combined with WCJ McCormick's determination that Claimant's subjective complaints of ongoing pain were not credible, established a change in Claimant's physical condition sufficient to terminate Claimant's benefits under Baumann.

**B. UR Review Petitions**

Claimant also contends the Board erred in affirming WCJ McCormick's denial of his UR review petitions based on the medical evidence. He asserts that in a UR review petition, the employer's burden is to show that the claimant's treatment is no longer reasonable and necessary. Glick v. Workers' Comp. Appeal Bd. (Concord Beverage Co.), 750 A.2d 919 (Pa. Cmwlth. 2000). Further, Claimant maintains that treatment need not improve or cure a condition or

symptoms to be reasonable and necessary. Id. Rather, the temporary relief of chronic symptoms can make treatment reasonable and necessary. Id.

Claimant argues IME Physician's opinions are not legally competent to support a denial of his UR review petitions for several reasons. Claimant asserts IME Physician opined that opioids were inappropriate for more than two or three weeks after the work injury, and that acupuncture was only reasonable for a period of eight weeks after the injury. Claimant maintains that prior UR determinations approved the use of opioid-based medication for longer periods than 2 to 3 weeks, and the use of acupuncture for 8 to 10 years. Claimant further alleges that IME Physician, in rendering his opinions, relied on guidelines from the Work Loss Data Institute that have not been adopted in Pennsylvania. Because IME Physician based his opinions on facts contradicted by the record, Claimant asserts WCJ McCormick erred in relying on them to deny his UR review petitions.

WCJ McCormick determined Claimant fully recovered from his work injury and terminated his benefits as of March 2, 2017. Thus, the treatment provided to Claimant by Claimant's Physician, from April 27, 2017 and ongoing, occurred after the effective date of the termination. In short, because WCJ McCormick determined that Claimant no longer needed further medical treatment for his work injury after IME Physician's March 2, 2017 examination, the treatment provided to him after that date was not related to his work injury *regardless* of whether it was reasonable and necessary. Corcoran v. Workers' Comp. Appeal Bd. (Capital Cities/Times Leader), 725 A.2d 868 (Pa. Cmwlth. 1999). We note that a UR determination that treatment was reasonable and necessary does not establish that

16

the treatment was causally related to the work injury or that the claimant remained disabled. Id.

Similarly, the treatment provided to Claimant by Acupuncturist after April 7, 2017, which occurred after the date of the termination, could not be related to his work injury regardless of whether it was reasonable and necessary. Id. Consequently, we detect no error in the determinations by WCJ McCormick and the Board that granting the termination petition rendered Claimant's UR review petitions moot.[3] Summarizing, because Claimant no longer needed medical treatment for his work injury at the time he received the treatment at issue in the UR review petitions, Employer was not liable for payment for that treatment regardless of whether it was reasonable and necessary. Id. Therefore, WCJ McCormick's grant of Employer's termination petition, effective March 2, 2017, rendered Claimant's UR review petitions moot.

## III. Conclusion

For the above reasons, we detect no error in the Board's decision affirming the WCJ's order granting Employer's termination petition and denying Claimant's UR review petitions. Accordingly, we affirm the Board's order.

_____
ROBERT SIMPSON, Judge

---

[3] A case is moot if there is no actual case or controversy in existence at all states of the controversy. Pap's A.M. v. City of Erie, 812 A.2d 591 (Pa. 2002).

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Steven Jones, :
                Petitioner :
                     :
      v. : No. 533 C.D. 2019
                     :
                     :
Workers' Compensation Appeal :
Board (SEPTA), :
            Respondent :

# **O R D E R**

     **AND NOW**, this 25th day of November, 2019, for the reasons stated in the foregoing opinion, the order of the Workers' Compensation Appeal Board is **AFFIRMED**.

 

                                    _____
                                    ROBERT SIMPSON, Judge